TRIBORO COACH CORPORATION, Appellant, v STATE OF NEW YORK et al., Respondents. (Claim No. 62565.)

Third Department, February 14, 1980

## APPEARANCES OF COUNSEL

*Douglas A. Cooper* and *Jerome Cooper* for appellant.

*Robert Abrams,* Attorney-General *(Henderson G. Riggs, Shirley Adelson Siegel* and *Jeremiah Jochnowitz* of counsel), for respondents.

## OPINION OF THE COURT

MAHONEY, P. J.

The sole issue on this appeal is whether an employer's workers' compensation carrier, which has paid benefits to an injured employee of its insured, can also be required to

indemnify its insured for the costs of "first-party benefits" paid to the same employee pursuant to this State's no-fault law (Insurance Law, art 18). The Court of Claims, relying on *Ryder Truck Lines v Maiorano* (44 NY2d 364), concluded that the insurance carrier had no such responsibility. We disagree.

On July 17, 1976 Robert Durkin, a bus driver employed by claimant Triboro Coach Corporation, was injured in a one-vehicle accident in the course of his employment. Durkin made a claim for "first-party benefits" against his employer pursuant to article 18 of the Insurance Law, and after an arbitration proceeding was awarded $10,637, plus interest at the rate of 2% a month, plus attorney's fees of $2,000. After claimant's insurance carrier, the State Insurance Fund, refused to pay the award, claimant paid Durkin $16,700. Claimant now seeks indemnification for that amount from its carrier, plus any additional sums it may be obligated to pay in the future.

In *Ryder (supra)* the Court of Appeals declared, for the first time, that an injured employee who is receiving workers' compensation benefits is not precluded from recovering "first-party benefits" in the nature of "basic economic loss" from his employer (Insurance Law, art 18). Thus, the Court of Appeals found no constitutional impediment to the legislative creation of an additional employee remedial right despite its earlier adoption of the Workers' Compensation Law with its exclusive remedy provision (Workers' Compensation Law, § 11). However, there is nothing in *Ryder,* nor, indeed, in article 18 of the Insurance Law, that would prevent an employer from obtaining insurance to protect against such loss. In fact, the court in *Ryder* stated (44 NY2d 364, 372): "With respect to the availability to employees of claims to first-party benefits under the no-fault law we attach no legal significance to whether the employer is self-insured or carries insurance coverage. In both instances, the no-fault law places financial responsibility on the employer. The employer, subject to some constraints, may then choose one method or the other to make economic provision to assure discharge of its financial obligations. Its liability, however, is unaffected by the implementing mechanism it selects."

Here, the "economic provision" selected by claimant "to assure discharge of its financial obligation" was obtaining insurance entitled "Workmen's Compensation and Employers' Liability Policy". With respect to that part of the policy dealing

with liability, as distinguished from compensation, the contract states that the insurer "[a]grees to indemnify this employer against loss by reason of the liability *imposed upon him by law for damages on account of such injuries to such employees wherever such injuries may be sustained"* (emphasis added). Accordingly, it follows that claimant is entitled to seek indemnification from the respondent carrier, the State Insurance Fund, as a matter of law. We are not here concerned with the alleged monetary limitations contained in the subject policy. Indeed, it may well be the case that the respondent insurer is immunized against the full amount of the indemnification claim because of claimant's posture as a self-insurer with respect to the first $50,000 of liability, but since the record does not include the subject policy, the limitations of the respondent insurer's exposure, if any, must be developed at trial.

The order should be reversed, on the law, with costs; the motion should be denied.

SWEENEY, MAIN, CASEY and HERLIHY, JJ., concur.

Order reversed, on the law, with costs; motion denied.