■ ARTHUR H. ROGOFF, Respondent, v SAN JUAN RACING ASSOCIATION, INC., et al., Appellants, et al., Defendants.—Order, Supreme Court, New York County, entered October 23, 1979, denying the motion of defendants for summary judgment or, in the alternative, to dismiss the complaint, reversed, on the law, and the motion to dismiss granted, without costs and without disbursements. This is an action to recover money allegedly due plaintiff under a contract or, in the alternative, to recover a finder's fee for bringing to defendant certain business opportunities. There are two causes of action, one for breach of contract, and the second for compensatory and punitive damages caused by defendants' fraudulent conduct. Robert S. Taplinger Associates, Inc. (RSTA), is a corporate and financial public relations firm which had as one of its clients defendant San Juan Racing Association, Inc. (SJRA). RSTA was authorized by written agreement dated February 15, 1968, to generate and structure proposed new corporate development activities for SJRA. Plaintiff, who had become associated with RSTA in May of 1968, had participated in some dealings on this account before submitting the proposal at issue on July 24, 1968. Plaintiff claims he presented a proposal to SJRA and its president, defendant Glickstein, to establish a communications company, with defendants Cossman and Sylvan Taplinger as managers, in which he, RSTA, Cossman, and Sylvan Taplinger would have participating stock interests. Plaintiff also claims that, as part of the proposal, he identified three radio stations which SJRA later acquired and for which he claims finders' fees for himself and for RSTA. Such a communications company was formed thereafter in 1968, and the defendants-appellants did reap financial benefits therefrom. In denying the motion, Special Term ruled first that the motion papers were fatally defective

because they were supported only by an affidavit of defendants' attorney, who was without personal knowledge of the facts. The substance of that affidavit was not to allege facts, but to provide commentary to the documentary evidence submitted by plaintiff, and to submit exhibits. In addition, there was also submitted a reply affidavit of defendant Glickstein, a party with personal knowledge of the facts. This affidavit alone would suffice for the purpose of this motion. The motion, then, was properly before the court. Special Term also ruled that there existed factual issues, such as whether defendants had agreed and acted upon plaintiff's proposal, and whether plaintiff was an independent contractor or a representative of RSTA. We hold that these issues need not be reached inasmuch as plaintiff's claims are effectively barred by a provision of the Statute of Frauds (General Obligations Law, § 5-701, subd a, par 10). This portion of the Statute of Frauds requires a writing subscribed by the party to be charged in instances in which the agreement is to pay compensation for services rendered in negotiating the purchase or sale of a business opportunity, a business or an interest therein, including the creation of a partnership interest. " 'Negotiating' includes procuring an introduction to a party to the transaction or assisting in the negotiation or consummation of the transaction." (General Obligations Law, § 5-701, subd a, par 10.) These provisions "apply to a contract implied in fact or in law to pay reasonable compensation" (General Obligations Law, § 5-701, subd a, par 10). This provision has been held to apply to finder's fee agreements. *(Freedman v Chemical Constr. Corp.,* 43 NY2d 260.) There has not been found in the record any writing or series of writings construed as a whole, which could even arguably satisfy this statutory requirement. The Statute of Frauds thus bars not only plaintiff's first cause of action sounding in contract, but also his second cause of action alleging fraud, conspiracy and seeking *quantum meruit,* since this latter cause of action is but an attempt to allege the first cause of action in a different form. *(Roberts v Champion Int.,* 52 AD2d 773, mot for lv to app dsmd 40 NY2d 805; *Intercontinental Planning v Daystrom, Inc.,* 24 NY2d 372.) " 'Whatever the form of the action at law may be, if the proof of a promise or contract, void by statute [of Frauds], is essential to maintain it, there can be no recovery.' " *(Roberts v Champion Inc., supra,* p 773 quoting *Dung v Parker,* 52 NY 494, 497.) Plaintiff maintains that defendants cannot prevail on the Statute of Frauds defense because it was not raised in their answer, citing CPLR 3018 (subd [b]). That subsection requires a party in its responsive pleadings to "plead all matters which if not pleaded would be likely to take the adverse party by surprise or would raise issues of fact not appearing on the face of the prior pleading". Here, there was no surprise. There was, in fact, ample opportunity to address the Statute of Frauds issue in plaintiff's examination before trial. There, the issue of a written contract was indeed explored and, in addition, numerous documents were submitted with the purpose of meeting the Statute of Frauds requirements. Allowing this defense in such circumstances comports with the practice advocated in the commentary accompanying this statute. (See Seigel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3212:11.) Concur—Kupferman, J. P., Birns, Markewich and Yesawich, JJ.