TRIBORO COACH CORPORATION, Respondent, v STATE OF NEW YORK et al., Appellants. (Claim No. 62565.)

Third Department, July 29, 1982

APPEARANCES OF COUNSEL

*Robert Abrams*, Attorney-General (*Henderson G. Riggs* and *Jeremiah Jochnowitz* of counsel), for appellants.

*Cooper, Rudoff & Cooper* (*Douglas A. Cooper* of counsel), for respondent.

OPINION OF THE COURT

CASEY, J.

At issue on this appeal is whether a "Workmen's Compensation and Employers' Liability Policy", issued by defendant State Insurance Fund, covers the insured employer's payment of first-party benefits to an employee injured during the course of his employment while driving a motor vehicle owned by the insured. Pursuant to Coverage A of the policy, the defendant carrier paid workers' compensation benefits and medical benefits to the injured employee, but it refused to pay the injured employee first-party benefits (see Insurance Law, § 672) under Coverage B of the policy, and the claimant employer, as a self-insurer

with respect to the first $50,000 of its liability arising out of the use or ownership of motor vehicles, paid the employee the amount awarded in arbitration as first-party benefits.

In this action, claimant seeks indemnification for that amount from defendant insurer based upon Coverage B of the policy, whereby the insurer "AGREES TO INDEMNIFY this employer against loss by reason of the liability imposed upon him by Law for damages on account of such injuries to such employees wherever such injuries may be sustained". The Court of Claims initially dismissed the claim upon the ground that under *Ryder Truck Lines v Maiorano* (44 NY2d 364) the responsibility for first-party benefits for an employee injured while driving his employer's motor vehicle in the course of his employment lies with the employer. This court reversed, concluding that nothing in *Ryder* (*supra*) precluded the employer from obtaining insurance to cover the risk of loss from the payment of such first-party benefits. Accordingly, we held that "claimant is entitled to *seek* indemnification from the respondent carrier, the State Insurance Fund, as a matter of law" (*Triboro Coach Corp. v State of New York,* 72 AD2d 228, 230; emphasis added). Noting (p 230) that the record then before us did not contain the insurance policy at issue, we remanded the matter for a determination of "the limitations of the respondent insurer's exposure, if any".

Taking a narrow view of the purpose for remand, the Court of Claims concluded that in the absence of any limitation in the policy based upon the employer's status as self-insured with respect to its motor vehicle liability, this court's ruling, as the law of the case, established claimant's entitlement to reimbursement from defendant insurer. Accordingly, it granted claimant's motion for summary judgment and denied defendants' cross motion for similar relief. This appeal ensued.

Turning first to the scope of our prior decision, we find our holding to be a narrow one — that the claim should not be dismissed because claimant was entitled to seek indemnification from the insurer. The grounds for this holding were that nothing in *Ryder* (*supra*) precluded an employer from obtaining insurance to cover the risk of loss from the

payment of first-party benefits to injured employees, and that the allegations of the claim concerning the existence of such coverage in the policy issued by the insurer were sufficient to survive a motion to dismiss. Since the policy was not then before us we could not and did not pass on the merits of whether the policy in fact provided such coverage.

Inasmuch as the insurance policy at issue is part of the present record on appeal, the merits of the claim can be examined. In the absence of an ambiguity giving rise to mixed questions of law and fact, the construction and interpretation of an insurance policy, as is the case with other written instruments, present questions of law to be determined by the court (*Stainless, Inc. v Employers Fire Ins. Co.,* 69 AD2d 27, 32, affd 49 NY2d 924). The policy at issue does in fact contain the broad coverage provision under Coverage B set forth in the claim, which this court previously found sufficient to survive a motion to dismiss (72 AD2d 228, *supra*). Accordingly, in the absence of some limitation or exception in the policy, claimant must prevail.

Defendant insurer relies on the first exclusion in the policy, which provides that "[t]hese obligations are limited to the liability imposed by Law upon the employer for negligence". This exclusion is clear and unambiguous, and requires the employer's liability to be founded in negligence in order for the coverage to apply. First-party benefits, however, are payable to the covered person without regard to fault or negligence (Insurance Law, § 672; see *Montgomery v Daniels,* 38 NY2d 41, 47). Accordingly, while claimant's liability for the first-party benefits paid to its injured employee was imposed by law, it arose irrespective of negligence and, therefore, falls squarely within the exclusion.

We reject claimant's argument that the insurer waived its right to assert the exclusion by failing to plead it as an affirmative defense. In examining the pleadings on a motion for summary judgment, the court may take into account an unpleaded defense (*Adirondack Park Agency v Ton-Da-Lay Assoc.,* 61 AD2d 107, 110, mot for lv to app dsmd 45 NY2d 834). The question of whether the policy covered liability arising under the no-fault provisions of

the Insurance Law was raised in the insurer's motion for permission to serve a late answer, and the exclusion was raised in the motion papers submitted on the summary judgment motions. The exclusion appears in the policy immediately below the general provisions of Coverage B, from which claimant quoted excerpts in its claim. Under these circumstances, there is no basis for precluding the insurer from asserting the exclusion (see *Rogoff v San Juan Racing Assn.,* 77 AD2d 831, 832, affd 54 NY2d 883; see, also, Siegel, Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3212:11 [1981-1982, Pocket Part], p 90).

Since the liability for which claimant seeks indemnification falls within an exclusion of the policy, the insurer's cross motion for summary judgment dismissing the claim should have been granted.

The order should be reversed, on the law, without costs, claimant's motion denied, defendants' cross motion granted, and the claim dismissed.

MAHONEY, P. J., MAIN, MIKOLL and YESAWICH, JR., JJ., concur.

Order reversed, on the law, without costs, claimant's motion denied, defendants' cross motion granted, and claim dismissed.