■ MEMORIAL HOSPITAL, Appellant, v BEVERLY BAUMANN, Respondent. — Appeal from an order of the Supreme Court at Special Term (Hughes, J.), entered March 31, 1983 in Albany County, which granted defendant's cross motion for summary judgment and dismissed the complaint. ¶ During the early morning hours of January 10, 1981, defendant accompanied her mother to plaintiff hospital, where her mother was placed in intensive care for heart problems. Defendant was approached by a nurse and signed various documents, including one which authorized plaintiff to release medical information and to receive directly defendant's mother's insurance benefits. This form stated, "I understand I am financially responsible to the hospital for charges not covered by this authorization." Defendant's mother died during the course of her hospitalization. Thereafter, plaintiff commenced this action to recover $19,013.42 in unpaid hospital charges based upon the purported guarantee of payment. The parties moved for summary judgment and Special Term granted defendant's cross motion and dismissed the complaint, concluding that defendant signed the documents as an agent for a disclosed principal and, thus, was not personally liable. This appeal followed. ¶ Initially, we recognize that summary judgment may be granted on an unpleaded affirmative defense so long as the opposing party is not surprised or prejudiced (see, e.g., *Triboro Coach Corp. v State of New York,* 88 AD2d 202, 204-205; *Rogoff v San Juan Racing Assn.,* 77 AD2d 831, 832, affd 54 NY2d 883; see, also, Siegel, Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, 1970-1983 Supp Pamph, CPLR C3212:11, pp 119-120). Thus, even if the defense of agency was not pleaded by defendant as an affirmative defense, as it should have been (see *Judith Garden v Mapel,* 73 Misc 2d 810, 813, affd 75 Misc 2d 558) and as plaintiff claims, we conclude that it was proper for Special Term to rely on the agency defense in granting defendant's cross motion for summary judgment. Defendant's affidavit clearly states that she "signed [the] documents understanding that it was on behalf of [her] mother", thereby giving notice of an agency claim in this case. Plaintiff made no attempt to refute this assertion and does not claim on this appeal that it was surprised or prejudiced by defendant's reliance on the agency defense. Accordingly, we conclude that the agency defense was properly considered by Special Term. ¶ On the merits, we recognize as well settled the proposition that an agent assumes no personal liability in executing a contract for a disclosed principal, unless it is clear that the agent intends to be bound personally (see 3 NY Jur 2d, Agency and Independent Contractors, § 276, pp 96-99). Defendant's unrefuted affidavit establishes that she did not intend to be bound personally because she signed the forms on behalf of her incapacitated mother who was clearly, as the patient to whom services were to be rendered in an emergency situation, the principal (see 2 NY Jur 2d, Agency and Independent Contractors, § 22, p 483). Thus, Special Term's conclusions that defendant was acting

as an agent for a disclosed principal and could not be personally liable to the hospital were correct. Special Term was also correct in distinguishing *Albany Med. Center Hosp. v Purcell* (67 AD2d 761), relied on by plaintiff, on the ground that the issue of agency was not raised therein. ¶ Order affirmed, without costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.