■ AETNA CASUALTY & SURETY COMPANY, as Assignee of GOODMAN DEVELOPMENT COMPANY, INC., Respondent, v FRED SHELDON, Appellant, et al., Defendants.—Yesawich, Jr., J.

In 1969 defendant Fred Sheldon, a professional engineer, and an insured of plaintiff, Aetna Casualty & Surety Company, entered into an oral contract pursuant to which Sheldon was to design a heating and cooling system for a commercial building. The work was completed no later than 1970. In 1982, the building experienced severe damage stemming from frozen pipes. After payment to its insured, Aetna, as the insured's assignee, commenced the instant action in 1983 alleging, *inter alia,* engineering malpractice. Sheldon, who had not raised the affirmative defense of the Statute of Limitations in his answer, moved for leave to do so and for summary judgment dismissing the complaint as against him. In addition to entertaining and denying that motion on the ground that failure to plead this defense was inexcusable and hence waived, Special Term, at the same time, considered and granted a cross motion by defendant Honeywell Information Systems, Inc., the manufacturer and installer of various components and parts making up the heating and cooling system, for summary judgment based on the Statute of Limitations defense, and

denied Aetna leave to amend its complaint to maintain a cause of action in strict products liability. The only issue before us is the propriety of Special Term's resolution of Sheldon's motion.

The language of CPLR 3025 (b) declaring that leave to amend pleadings should be "freely given upon such terms as may be just" has been consistently interpreted to authorize pleading amendments absent "prejudice" or "unfair surprise" *(see,* 3 Weinstein-Korn-Miller, NY Civ Prac ¶ 3025.15). Apropos of the instant motion, *Fahey v County of Ontario* (44 NY2d 934) makes clear that it is an abuse of discretion to deny leave to amend the answer to plead the Statute of Limitations when no "prejudice" or "surprise" results directly from the delay *(supra,* at p 935; *accord, Murray v City of New York,* 43 NY2d 400).

Aetna has not met its burden of demonstrating how amendment of Sheldon's answer would cause unfair surprise or prejudice *(see, Memorial Hosp. v Baumann,* 100 AD2d 701; *Doell v County of Monroe,* 86 AD2d 751). Its response to Sheldon's interrogatories that the oral agreement on which its action was predicated was entered into 15 years earlier confirms it had knowledge of facts which should have put it on notice as to the untimeliness of its lawsuit when it was initiated. That interposition of the limitation defense could not have unfairly surprised Aetna is also apparent from the fact that its claim against Honeywell was based on the very same underlying transaction and Honeywell had already pleaded the same defense in its answer.

Nor has Aetna established prejudice. Given that the mere fact that the action may be dismissed if the amendment is allowed does not in and of itself constitute "prejudice" *(Burack v Burack,* 122 AD2d 101), and there is no indication Aetna will lose some special right if the amendment is granted, and further, that the record is barren of any evidence that it experienced a change of position or incurred significant trouble or expense which could have been avoided had Sheldon's original answer contained what the amended one seeks to add *(see, Pegno Constr. Corp. v City of New York,* 95 AD2d 655, 656, citing Siegel, NY Prac § 237, at 289; *Perkins v New York State Elec. & Gas Corp.,* 91 AD2d 1121), we believe that Sheldon's motion should have been granted.

Our reading of the record convinces us Aetna had, or should have had, notice of the Statute of Limitations defense, the factual basis of which is unchallenged, and that neither prejudice nor unfair surprise has been established; and, since

"summary judgment may be granted on an unpleaded affirmative defense so long as the opposing party is not surprised or prejudiced" *(Memorial Hosp. v Baumann,* 100 AD2d 701, *supra; see, Triboro Coach Corp. v State of New York,* 88 AD2d 202, 204-205), Sheldon should also be awarded summary judgment in his favor.

Order modified, on the law, with costs to defendant Fred Sheldon, by reversing so much thereof as denied defendant Fred Sheldon's motion; motion granted and summary judgment dismissing the complaint awarded to said defendant; and, as so modified, affirmed. Kane, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.