■ CHARLOTTE P. ARMSTRONG, Respondent, v PEAT, MARWICK, MITCHELL & Co., Appellant.—Order of the Supreme Court, New York County (Shirley Fingerhood, J.), entered June 14, 1988, which denied defendant's motion for partial summary judgment dismissing plaintiff's fourth cause of action, unanimously reversed, on the law and facts, the motion is granted and the fourth cause of action dismissed, without costs or disbursements on the appeal and without statutory costs in the action. The appeals from the orders of the same court, entered April 13, 1988 and on or about October 7, 1988, are unanimously dismissed as academic, without costs or disbursements.

The complaint alleges that plaintiff was induced to leave her former employment on the basis of representations made by defendant, a firm of accountants, that her promotion to partner would be based solely on job performance and not impeded by her age and sex, that such representations were false when made and repeated during the course of plaintiff's employment, and that plaintiff was denied promotion to partner and later terminated on account of her age and sex. Four causes of action are set forth, the first three alleging violations of the State Human Rights Law, the Federal Age Discrimination in Employment Act, and title VII of the Federal Civil Rights Act of 1964, respectively, and the fourth, common-law fraud. Defendant's answer, among other things, interposed an affirmative defense that the complaint should be dismissed "to the extent it asserts claims which are time-barred under the applicable limitations periods of the statutes alleged therein." After taking plaintiff's deposition, defendant moved for summary judgment, which was granted to the extent of dismissing the three statutory causes of action as time barred. The fourth cause of action for fraud, however, which defendant construed as alleging breach of an oral agreement to promptly promote plaintiff to partner if her job performance was good, and challenged as barred by the parol evidence rule given the written employment contract the parties had entered into, was left standing by IAS on the ground that it alleges fraud, not breach of an oral agreement, and that the parol evidence rule was therefore inapplicable. Defendant promptly moved again for summary judgment, this time arguing that if the fourth cause of action was properly to

be understood as sounding in fraud, then it too is barred by the Statute of Limitations. This motion was denied by IAS on the ground that, under CPLR 3211 (e), defendant had waived the Statute of Limitations as a defense to the fourth cause of action since it did not raise it by either a motion to dismiss or in the answer. Defendant then made a third motion, this one seeking leave to amend its answer to include the Statute of Limitations as an affirmative defense to the fourth cause of action, and, upon the granting of such leave, summary judgment dismissing the fourth cause of action as time barred. Again, IAS denied the motion, ruling that defendant's waiver of the Statute of Limitations as against the fourth cause of action was law of the case. Defendant has appealed all three orders.

We reverse the second order and dismiss as academic the appeals from the first and third. It has been repeatedly held that defenses waived under CPLR 3211 (e) can nevertheless be interposed, with court leave, in an amended answer, provided the amendment does not cause the plaintiff "prejudice or surprise resulting directly from the delay" *(Fahey v County of Ontario,* 44 NY2d 934, 935). By prejudice is meant " 'some special right lost in the interim, some change of position or some significant trouble or expense that could have been avoided had the original pleading contained what the amended one wants to add.' " *(Pegno Constr. Corp. v City of New York,* 95 AD2d 655, 656, quoting Siegel, NY Prac § 237, at 289.) This liberal policy of granting motions for leave to amend an answer so as to include "waived" defenses is frequently applied to allow the inclusion of a Statute of Limitations defense *(e.g., Fahey v County of Ontario,* 44 NY2d 934, supra; *Powe v City of Albany,* 130 AD2d 823; *Scharfman v Scharfman,* 122 AD2d 939; *Olean Urban Renewal Agency v Herman,* 101 AD2d 712; *Kitchner v Kitchner,* 100 AD2d 954). Moreover, leave to amend to include a defense and summary judgment based on that defense may be sought in one motion rather than two, and both items of relief granted if, in addition to the absence of prejudice or surprise, it is clear that there is nothing that the plaintiff can do to obviate the defense *(Olean Urban Renewal Agency v Herman, supra; see also, Aetna Cas. & Sur. Co. v Sheldon,* 124 AD2d 428; *Memorial Hosp. v Baumann,* 100 AD2d 701).

In opposition to defendant's second motion for summary judgment, plaintiff characterized defendant's initial understanding of the fourth cause of action as one sounding in contract as "on its face preposterous", and argued that "suc-

cessive motions for summary judgment should not be tolerated, especially when brought by an economically powerful defendant attempting to further oppress an already aggrieved plaintiff." While we agree that successive motions for summary judgment are not to be encouraged *(Levitz v Robbins Music Corp.,* 17 AD2d 801), certainly a second motion for summary judgment should be entertained if, after a first motion for summary judgment, a new, as yet untested defense is permitted to be added by amendment. Accepting plaintiff's contention that her fourth cause of action should not have been understood by defendant as one for breach of contract, defendant's second motion, based on the reading given that cause of action by the court on the first motion, did not prejudice plaintiff and at most might have justified the imposition of a modest cost sanction compensating plaintiff for the extra expense she incurred in having to respond to a second motion *(see,* Siegel, Practice Commentaries, McKinney's Cons Law of NY, Book 7B, CPLR C3025:13, at 483-484). This can be accomplished here by denying defendant statutory costs on appeal (CPLR 8203), as well as the statutory costs it would be entitled to as the prevailing party in the action (CPLR 8201). No unnecessary disclosure expenses were incurred by plaintiff as a result of defendant's initial failure to raise the Statute of Limitations, since her deposition would have been necessary in any event in connection with the statutory causes of action pleaded in her first three causes of action *(compare, Balzac v Jerome,* 104 AD2d 1015 [disclosure expenses generally permitted to be taxed by the prevailing party as a disbursement forfeited "due to the untimely amendment and delayed adjudication of the Statute of Limitations defense"]). It would have been better had defendant's second motion, as did its third, specifically requested leave to amend in addition to summary judgment, but this omission did not prejudice plaintiff, who opposed the motion as a "belated attempt to now raise the issue of limitations", and therefore can be disregarded (CPLR 2001).

With respect to the merits of the Statute of Limitations defense, an action based upon fraud must be commenced within six years from the commission of the fraud or two years from its actual or imputed discovery, whichever is later (CPLR 213 [8]; 203 [f]). Here, the allegedly fraudulent representations were made in August and September 1977, during the course of discussions in which plaintiff was urged to leave her former employment and accept a position with defendant, and relied upon by plaintiff on January 30, 1978, when she

actually started to work for defendant. The six-year period to begin an action based on these representations therefore expired, at the latest, on January 30, 1984, more than three years prior to the commencement of this action on February 24, 1987.

Nor is the fourth cause of action saved by the discovery rule. In opposition to defendant's first motion for summary judgment, plaintiff submitted an affidavit in which she stated that in April 1981, shortly after her second nomination for partner was turned down, two of defendant's partners, who were supporting her nomination, admitted to her that "age was a factor in the decision", and that "[i]t seemed to me also that sex was a factor, since * * * a group of young men were all elected and maybe twelve out of approximately 1,200 partners were women!" In the same affidavit, plaintiff stated that one of her supporters "did not deny [on his deposition] that after the third rejection of my candidacy [in late April 1982] both he [and another supporter] advised me that my age was, in fact, a factor in the decision to reject my candidacy", and that throughout the spring of 1982 "I was considering suing [defendant] for, among other things, age and sex discrimination", a step plaintiff decided not to take because of "very limited options for alternative employment", choosing instead to make the best of a bad situation by remaining with defendant until it terminated her employment at the end of 1985. Indeed, IAS, for purposes of deciding whether plaintiff's statutory causes of action were time barred, expressly found that she had suspected age and sex discrimination by mid-1982, a finding of fact that defendant argues is binding on this court as "law of the case" given that plaintiff did not appeal the dismissal of her statutory causes of action. We do not go that far. Suffice it to say that plaintiff should not have been surprised by defendant's second motion for summary judgment confronting her with the admissions she made on the first motion, and seeking dismissal of the action as time barred on the basis of those admissions. Instead of explaining them, plaintiff opposed the second motion with only an attorney's affidavit arguing waiver under CPLR 3211 (e), accusing defendant of abusive motion practice, and pointing out that the complaint alleges that the false representations concerning age and sex were repeated on several occasions, after plaintiff's employment with defendant had commenced, until April 1981. It appears to be plaintiff's theory that the repetition of such representations between February 24, 1981, within six years of the commencement of the action, and April

1981, when she began to suspect discrimination as the reason for her not being made a partner, suffices to make the fraud cause of action timely and otherwise viable.

If this be plaintiff's theory, it is without merit. Clearly, the theory of the complaint is that the damages plaintiff sustained were caused as a result of her leaving her former employment, having been induced to do so by the alleged representations. No other theory of reliance and damage is offered in the complaint or anywhere else in the record, such as, for example, that plaintiff rejected other employment offered to her in reliance upon repeated assurances made between February 24, 1981 and April 1981 that her then-pending nomination would not be undermined by discrimination. Assuming such would constitute a viable theory of fraud, there is simply no suggestion by plaintiff, let alone proof, of any such job offers during this two-month period. Moreover, when asked at her deposition to elaborate upon the circumstances surrounding the repetition of the representations, plaintiff was unable to do so. We are persuaded that plaintiff's cause of action for fraud, to the extent it is based on representations allegedly made after her employment with defendant had commenced, lacks merit both as a matter of law and fact, and that to allow amendment of the answer to include the Statute of Limitations as a defense, without at the same time granting summary judgment based on that defense, would be only to put off the inevitable. Concur—Sullivan, J. P., Asch, Milonas, Rosenberger and Wallach, JJ.