■ CHARLES McSORLEY, SR., Individually and as Guardian ad Litem for CHARLES McSORLEY, JR., an Infant, et al., Appellants, v PHILIP MORRIS, INC., Respondent, et al., Defendant.— In a products liability action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Smith, J.), dated March 17, 1989, as granted the motion by the defendant Philip Morris, Inc., for summary judgment to the extent of dismissing all claims premised upon allegations of inadequate warnings.

Ordered that the order is affirmed insofar as appealed from, with costs.

The infant plaintiff, Charles McSorley, Jr., was born on December 8, 1978, with serious birth defects including blindness, deafness, and mental retardation. The infant's mother and father subsequently commenced this action on his behalf against Philip Morris, Inc., the manufacturer of Marlboro cigarettes, alleging that the infant's birth defects were the result of the mother's use of Marlboro cigarettes during pregnancy. As alleged in the complaint and in responses to interrogatories, liability against the respondent is predicated upon the dangerous and defective nature of Marlboro ciga-

rettes, as well as the failure of Philip Morris, Inc., to warn the public that the use of cigarettes during pregnancy could result in harm to a fetus. The respondent subsequently moved for summary judgment, alleging, *inter alia,* that the plaintiffs' claims concerning the adequacy of its warnings were preempted by Federal law. The Supreme Court granted the respondent's motion to the extent of dismissing all claims predicated upon the failure to provide adequate warnings, and we affirm.

Initially, we find that since the plaintiffs had a full and fair opportunity to argue the merits of the Federal preemption defense in opposing the respondent's motion for summary judgment, the respondent's failure to assert this defense in its answer did not constitute a waiver thereof *(see, International Fid. Ins. Co. v Robb,* 159 AD2d 687; *Rogoff v San Juan Racing Assn.,* 77 AD2d 831, *affd* 54 NY2d 883). We note in this respect that the respondent's motion did not raise new issues of fact, and thus could not have surprised the plaintiffs *(see,* CPLR 3018 [b]; *Contelmo's Sand & Gravel v J & J Milano,* 96 AD2d 1090; *Rogoff v San Juan Racing Assn., supra).*

Moreover, the subject claims were properly dismissed. Where, as at bar, a manufacturer has complied with Federal cigarette warning requirements, a State tort action challenging the adequacy of those warnings is precluded by the Cigarette Labeling and Advertising Act *(see,* 15 USC § 1334; *Cipollone v Liggett Group,* 789 F2d 181, *cert denied* 479 US 1043).

Finally, the plaintiffs' contention that summary judgment is premature because they have not fully completed discovery is without merit. The plaintiffs have failed to indicate the existence of any "essential" facts which would justify denial of the respondent's motion *(see,* CPLR 3212 [f]; *Billy v Consolidated Mach. Tool Corp.,* 51 NY2d 152; *Krinick v Sharac Rest.,* 144 AD2d 440). Kunzeman, J. P., Kooper, Eiber and Balletta, JJ., concur.