■ LINDA MOTTELER, Appellant, v 142-144 GREEN STREET CORP. et al., Respondents.—In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Shaw, J.), entered January 30, 1990, as, upon reargument, adhered to the original determination in an order dated August 21, 1989, dismissing the complaint as against all defendants for her failure to comply with the applicable Statute of Limitations and which deemed academic the cross motion of the defendants John Weber, Inc., and Weber Galleries, Inc., for leave to amend their answer to include the Statute of Limitations as an affirmative defense.

Ordered that the order is modified, on the law, by deleting the provisions thereof which deemed academic the cross motion of the defendants John Weber, Inc., and Weber Galleries,

Inc., for leave to amend their answer and adhered to the original determination dismissing the complaint against them, and substituting therefor a provision granting the cross motion, and, upon granting the cross motion, dismissing the complaint against them; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff was injured after falling on a stairway in Weber Galleries which was located in New York County. Thereafter, just prior to the expiration of the Statute of Limitations, she commenced an action against Weber Galleries Inc., John Weber, Inc. (hereinafter referred to collectively as the Weber defendants), and the owner of the premises, 142-144 Green Street Corp. (hereinafter Green Street) by serving the County Clerk in Kings County pursuant to CPLR 203 (b) (5). After the completion of discovery, the defendant Green Street moved to dismiss the complaint, noting that neither the corporation nor any of its officers, directors, agents, cashiers, or employees resided, worked, conducted business or had any connection whatsoever with Kings County. Accordingly, the defendant Green Street, which had raised the Statute of Limitations as a defense in its answer, argued that it was not properly served under CPLR 203 (b) (5) and 311 (1), and thus, the 60-day tolling period available under CPLR 203 (b) (5) was inapplicable. It is undisputed that after the plaintiff was able to obtain what she perceived to be a 60-day tolling of the Statute of Limitations, she properly served the Secretary of State within that time. In an order dated August 21, 1989, the Supreme Court granted the defendant Green Street's motion to dismiss as against it and the motion of the Weber defendants to dismiss against them. Upon reargument, the Supreme Court adhered to that determination and denied as academic a cross motion by the Weber defendants for leave to amend their answer to assert the Statute of Limitations as a defense.

On appeal, the plaintiff argues that she is entitled to a hearing or, in the alternative, additional discovery, to determine if, in fact, Green Street did have any agents authorized to accept service in Kings County. We do not agree.

The plaintiff has failed to set forth any facts whatsoever which would necessitate a hearing on the issue. In support of its motion to dismiss, the defendant Green Street submitted an affidavit from the president of the corporation attesting to the fact that he and another individual were the sole officers of the corporation and that it had no employees, directors, or agents which were authorized to accept service in Kings

County. Inasmuch as the plaintiff has failed to controvert any of the defendant Green Street's assertions and merely seeks to conduct discovery on the possibility that she might discover such an agent, it was proper for the Supreme Court to grant Green Street's motion to dismiss without a hearing. We note that since the Statute of Limitations was raised in this defendant's answer the plaintiff cannot now claim that she was surprised by the motion to dismiss. Moreover, she already had ample opportunity to conduct discovery on this issue.

We also find that the action was properly dismissed against the Weber defendants, since they also had no employees, directors, or agents, which were authorized to accept service in Kings County. However, in so doing the Supreme Court should have first granted their motion to amend their answer since a Statute of Limitations defense not contained in a responsive pleading is deemed to have been waived (see, CPLR 3211 [e]). Inasmuch as leave to amend one's pleadings is to be freely granted absent prejudice or surprise to the party opposing the motion (Fahey v County of Ontario, 44 NY2d 934; Armstrong v Peat, Marwick, Mitchell & Co., 150 AD2d 189, 190), and there is no such showing here, the Supreme Court should have granted the cross motion for leave to amend the answer before dismissing the action. Brown, J. P., Kunzeman, Harwood and Rosenblatt, JJ., concur.