■ JOHN KIRILESCU et al., Appellants, v AMERICAN HOME PRODUCTS CORPORATION et al., Respondents. [719 NYS2d 93] —In an action, *inter alia,* to recover damages for negligence, the plaintiffs appeal, as limited by their brief, from (1) a decision of the Supreme Court, Suffolk County (Gowan, J.), dated February 25, 1999, and (2) so much of an order of the same court (Doyle, J.), dated September 20, 1999, as granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see, Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the respondents are awarded one bill of costs.

In February 1996 Adriana Kirilescu purchased a bottle of Robitussin cough syrup at a CVS pharmacy in Deer Park, New York. A few weeks later, she gave a dose of the cough syrup to her mother-in-law, Anoush Kirilescu, who immediately complained of a burning sensation in her mouth, throat, and lungs, and continued to complain for about two hours. John Kirilescu then drank about 10 milliliters of the liquid directly from the bottle and experienced the same sensation. A chemical analysis of the liquid in the Robitussin bottle later revealed that it contained a "strong alkaline detergent."

In March 1997 John Kirilescu and his wife, Anoush, who died in March 1998 of unrelated causes, commenced this action against the manufacturer and distributor of Robitussin, as well as CVS Pharmacy, Inc., and Melville Corporation, n/k/a CVS New York, Inc. (hereinafter collectively the CVS defendants), to recover damages for negligence, breach of warranty, and in strict products liability. The gravamen of the complaint is that the packaging and warning labels did not adequately protect consumers against tampering. The Supreme Court granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiffs' claims were preempted by the Federal Food, Drug, and Cosmetic Act and the regulations promulgated thereunder by the Federal Drug Administration.

At the outset, we note that since the plaintiffs had a full and fair opportunity to argue the merits of the Federal preemption defense in opposing the defendants' motion for summary judgment, the defendants' failure to assert that defense in their

answer did not constitute a waiver (*see, McSorley v Philip Morris, Inc.,* 170 AD2d 440; *Adsit v Quantum Chem. Corp.,* 199 AD2d 899). Since the motion did not raise new issues of fact, it could not have surprised the plaintiffs (*see, Allen v Matthews,* 266 AD2d 782; *Rogoff v San Juan Racing Assn.,* 77 AD2d 831, *affd* 54 NY2d 883).

Moreover, the claims against the manufacturer of Robitussin were properly dismissed. Where, as here, the manufacturer has complied with the Federal packaging and labeling requirements, a State tort action challenging the adequacy of those warnings is preempted by the Federal Food, Drug, and Cosmetic Act and the regulations promulgated thereunder (*see,* 21 USC § 301 *et seq.*; 21 CFR 211.132; *Warner v American Fluoride Corp.,* 204 AD2d 1). Furthermore, the plaintiffs failed to establish that the manufacturer's conduct proximately caused the alleged injuries. Additionally, the CVS defendants made out a prima facie case for summary judgment. In opposition, the plaintiffs failed to raise a triable issue of fact. Accordingly, the claims against all of the defendants were properly dismissed. Thompson, J. P., Altman, Goldstein and Smith, JJ., concur.