[906 NYS2d 490]

Sean D. Strauss, Plaintiff, v BMW Financial Services Vehicle Leasing, Doing Business as Financial Services Vehicle Trust, et al., Defendants.

Supreme Court, Kings County, July 27, 2010

APPEARANCES OF COUNSEL

*Peknic, Peknic & Schaefere, LLC*, Long Beach, for defendants.
*Gersowitz, Libo & Korek, P.C.*, New York City, for plaintiff.

## OPINION OF THE COURT

HERBERT KRAMER, J.

Does the failure to plead the immunity contained in 49 USC § 30106 (the Graves Amendment) in the defendant's answer waive said immunity? This court holds that the defendant has not waived the affirmative defense of the Graves Amendment by failing to plead it in its answer because the plaintiff has not been prejudiced by any surprise and has had a full opportunity to litigate the issue before the court.

Defendant BMW Financial Services Vehicle Leasing, doing business as Financial Services Vehicle Trust (BMW Financial), moves for summary judgment based on the Graves Amendment. The instant action arises out of a motor vehicle accident. One of the vehicles involved in the accident was leased from BMW Financial by defendant, David Lim. There have been no specific allegations of negligence on the part of BMW Financial. Further, BMW has not been charged with any criminal acts in connection with this action. Plaintiff asserts that because BMW Financial failed to plead the immunity contained within the Graves Amendment as an affirmative defense, the immunity has been waived. Plaintiff, however, does not dispute that the Graves Amendment encompasses the defendant had BMW Financial pleaded it in its answer.

On a summary judgment motion the court must view the evidence in the light most favorable to the party opposing the motion, giving that party the benefit of every reasonable inference, and determine whether there are any triable issues of fact outstanding. (*Branham v Loews Orpheum Cinemas, Inc.*, 8 NY3d 931 [2007].) The court must determine if the moving party's papers justify holding as a matter of law that the cause of action or defense has no merit. (*Marine Midland Bank v*

*Dino & Artie's Automatic Transmission Co.*, 168 AD2d 610 [1990].) It is well established that summary judgment is a drastic remedy that should not be granted where there is any doubt as to the existence of a material issue of fact or where the issue is arguable. (*Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395 [1957].)

Initially, a summary judgment movant has the burden to set forth evidentiary facts sufficient to entitle that party to a judgment as a matter of law, tendering sufficient evidence to eliminate any material issue of fact from the case, and that showing must be made by producing evidentiary proof in admissible form. (*Santanastasio v Doe*, 301 AD2d 511 [2003].) Generally, a party does not carry its burden in moving for summary judgment by pointing to gaps in its opponent's proof, but must affirmatively demonstrate the merit of its claim or defense. (*Dalton v Educational Testing Serv.*, 294 AD2d 462 [2002].)

### Affirmative Defenses

Affirmative defenses must be raised in an answer. CPLR 3018 (b) states in pertinent part: "[a] party shall plead all matters which if not pleaded would be likely to take the adverse party by surprise or would raise issues of fact not appearing on the face of a prior pleading." The failure to plead an affirmative defense, whether one enumerated in the statute or one which would take the adverse party by surprise results in a waiver of said defense. (CPLR 3211 [e].)

However, the failure to plead an affirmative defense when required does not always preclude the consideration of such defense in support or in defense of a motion for summary judgment. When a defendant fails to plead an affirmative defense, but asserts said defense in connection with a motion for summary judgment, the waiver is said to have been retracted and the court can grant or deny summary judgment based upon the never pleaded affirmative defense. (*Kirilescu v American Home Prods. Corp.*, 278 AD2d 457 [2d Dept 2000].)

The relevant inquiry for the court to hear the never pleaded affirmative defense is the prejudice or surprise associated with the assertion of a never pleaded affirmative defense. (*BMX Worldwide v Coppola N.Y.C.*, 287 AD2d 383 [1st Dept 2001].) Prejudice and surprise are ameliorated when it is shown that the plaintiff has had a full and fair opportunity to respond and oppose the defense being asserted in connection with summary judgment. (*Kirilescu*, 278 AD2d 457 [2000].) Further, when

required, the court may consider said defense when it is shown that the defense has been explored through the course of discovery. (*Rogoff v San Juan Racing Assn.*, 77 AD2d 831 [1st Dept 1980].)

## Discussion

The Graves Amendment precludes liability of an owner of a vehicle who leases or rents a vehicle to another if (1) the owner (or an affiliate of the owner) is engaged in the trade or business of renting or leasing motor vehicles and (2) there is no negligence or criminal wrongdoing on the part of the owner (or an affiliate of the owner). Plaintiff asserts that the Graves Amendment should be considered an affirmative defense that if not pleaded is waived.

In support of his contentions, plaintiff relies upon cases in which the discovery of an immunity was made on the eve of, or during trial. Further, the immunity was not proven in the cases which plaintiff relies upon. Defendant opposes the plaintiff's motion on the basis that there is no surprise to the plaintiff, federal law preempts state law and the Graves Amendment should not be considered a waivable defense.

In this case, the summons and complaint were filed on April 4, 2009. BMW timely answered, but made no assertion of the Graves Amendment as an affirmative defense. By correspondence dated October 15, 2009, BMW Financial alerted plaintiff to the applicability of the Graves Amendment and requested the plaintiff to execute a stipulation of discontinuance based thereon. Plaintiff refused and the instant summary judgment motion was brought by defendant.

Plaintiff has not claimed any surprise from BMW Financial's invocation of the Graves Amendment. Rather, plaintiff asserts that raising the defense is technically inappropriate at this juncture. For the foregoing reasons, the defendant's motion is granted. First, simply by the name of defendant "BMW Financial Services Vehicle Leasing d/b/a Financial Services Vehicle Trust" it is apparent or at least not surprising that BMW Financial is in the business of leasing vehicles. Second, because BMW alerted plaintiff early in the litigation of its protected status the plaintiff can make no viable claim of surprise. Lastly, because BMW Financial raised the affirmative defense in connection with the instant motion the plaintiff has had a full and fair opportunity to address the defense and any prejudice appurtenant to raising this defense for the first time on a motion has been ameliorated.

This court finds that the defendant BMW Financial has not waived the defense of the immunity contained within the Graves Amendment. The summary judgment motion is granted as to defendant BMW Financial only. The action is severed as to the remaining defendants.