# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

909
CA 11-02226
PRESENT: SMITH, J.P., PERADOTTO, CARNI, LINDLEY, AND MARTOCHE, JJ.

---

SUZETTE R. CARLIN, ET AL., PLAINTIFFS,

V                                                    MEMORANDUM AND ORDER

RAJNIKANT M. PATEL, M.D., ET AL., DEFENDANTS.
-------------------------------------------------
ZAHID M. CHOHAN, M.D., THIRD-PARTY
PLAINTIFF-RESPONDENT,

V

RAJNIKANT M. PATEL, M.D. AND MOHAMMAD
SARWAR, M.D., THIRD-PARTY DEFENDANTS-APPELLANTS.

---

BROWN & TARANTINO, LLC, BUFFALO (ANN M. CAMPBELL OF COUNSEL), FOR
THIRD-PARTY DEFENDANTS-APPELLANTS.

ROACH, BROWN, MCCARTHY & GRUBER, P.C., BUFFALO (J. MARK GRUBER OF
COUNSEL), FOR THIRD-PARTY PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Allegany County
(Thomas P. Brown, A.J.), entered August 9, 2011 in a medical
malpractice action.  The order denied the motion of defendants-
third-party defendants for summary judgment dismissing the third-party
action.

It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs, the motion is granted,
and the third-party action is dismissed.

Memorandum:  Plaintiffs commenced this medical malpractice action
(main action), and defendant-third-party plaintiff, Zahid M. Chohan,
M.D., asserted cross claims for contribution against defendants-third-
party defendants, Rajnikant M. Patel, M.D. and Mohammad Sarwar, M.D.,
that were converted into a third-party action after the main action
was dismissed against Patel and Sarwar.  The parties to the third-
party action agreed to sever that action from the main action and to
conduct the trial therein at a later date.  At the conclusion of the
trial in the main action, the jury returned a verdict finding Chohan
liable to plaintiffs and awarding plaintiffs the sum of $2.4 million
in damages.  Following the verdict in the main action but before entry
of the judgment, Chohan settled with plaintiffs.  Thereafter, Patel
and Sarwar moved for summary judgment dismissing the third-party
action on the ground that Chohan is barred by General Obligations Law

§ 15-108 (c) from seeking contribution from them. We conclude that Supreme Court erred in denying the motion.

General Obligations Law § 15-108 (c) provides that "[a] tortfeasor who has obtained his own release from liability shall not be entitled to contribution from any other person." Thus, as a general rule, a tortfeasor who settles with an injured party may not seek contribution from any other tortfeasor or potential tortfeasor (*see* § 15-108 [c]; *Gonzales v Armac Indus.*, 81 NY2d 1, 5). That rule, however, does not apply to postjudgment settlements (*see* § 15-108 [d] [3]*; Rock v Reed-Prentice Div. of Package Mach. Co.*, 39 NY2d 34, 41). General Obligations Law § 15-108 (d) (3) provides, in relevant part, that "[a] release . . . between a plaintiff or claimant and a person who is liable or claimed to be liable in tort shall be deemed a release . . . for the purposes of this section only if . . . such release . . . is provided *prior to entry of judgment*" (emphasis added). Thus, a tortfeasor who settles with an injured party after the entry of a judgment retains the right to seek contribution from other tortfeasors (*see Rock*, 39 NY2d at 41; *Makeun v State of New York*, 98 AD2d 583, 589; *see also State of New York v County of Sullivan*, 54 AD2d 29, 33-35 [Koreman, P.J., dissenting], *revd on dissenting op* 43 NY2d 815). Here, it is undisputed that Chohan settled with plaintiffs prior to the entry of the judgment against him, and thus he forfeited his right to seek contribution from Patel and Sarwar according to the plain language of General Obligations Law § 15-108 (*see Lettiere v Martin El. Co.*, 62 AD2d 810, 814, *affd* 48 NY2d 662; *Makeun*, 98 AD2d at 591; *see also Rock*, 39 NY2d at 41). We therefore reverse the order, grant the motion of Patel and Sarwar, and dismiss the third-party action (*see Lettiere*, 62 AD2d at 815).

Entered: October 5, 2012                    Frances E. Cafarell
                                            Clerk of the Court