■ THE DIVERSIFIED GROUP, INC., et al., Appellants, v MARCUM & KLIEGMAN LLP et al., Respondents. [12 NYS3d 39]—

Order, Supreme Court, New York County (Eileen Bransten, J.), entered on or about April 17, 2014, which denied plaintiffs' motions for summary judgment and granted defendants' motions for summary judgment dismissing the complaint, unanimously affirmed, with costs.

In this breach of contract action, plaintiffs may not seek contribution from defendants pursuant to General Obligations Law § 15-108 (c) and (d) because they settled their dispute with the investors for monetary consideration prior to the court entering judgment against them (*see Gonzales v Armac Indus.*, 81 NY2d 1, 5-6 [1993]; *Carlin v Patel*, 99 AD3d 1220, 1221 [4th

Dept 2012]). To the extent the pre-2007 decisions cited by plaintiffs conflict with the plain language of General Obligations Law § 15-108 (d), they are no longer good law.

Contrary to plaintiffs' contention, whether defendants settled prejudgment or postjudgment, General Obligations Law § 15-108 (c) provides that "[a] tortfeasor who has obtained his own release from liability shall not be entitled to contribution from any other person." The settlement agreement also effectively ended the underlying litigation, thereby triggering the waiver of contribution set forth in General Obligations Law § 15-108 (c), even though, pursuant to the settlement agreement, the parties had ongoing obligations to fulfill their duties under the agreement (*see Gonzales v Armac Indus.*, 81 NY2d at 6-7). Defendants did not waive General Obligations Law § 15-108 (c) because it was not included as an affirmative defense in their respective answers. Plaintiffs failed to establish surprise and prejudice in this purely legal inquiry (*see Arteaga v City of New York*, 101 AD3d 454, 454 [1st Dept 2012]), and in any event, prejudice and surprise are "ameliorated when it is shown that the plaintiff has had a full and fair opportunity to respond and oppose the defense being asserted in connection with summary judgment" (*Strauss v BMW Fin. Servs. Veh. Leasing*, 29 Misc 3d 362, 364 [Sup Ct, Kings County 2010]; *Kirilescu v American Home Prods. Corp.*, 278 AD2d 457, 457-458 [2d Dept 2000], *lv dismissed and denied* 96 NY2d 933 [2001]). Concur—Gonzalez, P.J., Tom, Friedman and Kapnick, JJ.