Federal Ins. Co. v Lakeville Pace Mech. Inc. (2018 NY Slip Op 01544)





Federal Ins. Co. v Lakeville Pace Mech. Inc.


2018 NY Slip Op 01544


Decided on March 8, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 8, 2018

Renwick, J.P., Richter, Andrias, Kapnick, Kahn, JJ.


5929

[*1]Federal Insurance Company as subrogee of Engel Burman Senior Housing at East Northport LLC, Plaintiff-Respondent,
v
Lakeville Pace Mechanical Inc., Defendant-Appellant.


Law Office of James J. Toomey, New York (Michael J. Kozoriz of counsel), for appellant.
Mischel & Horn, P.C., New York (Lauren E. Bryant of counsel), for respondent.



Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered on or about July 26, 2017, which denied defendant's motion to amend its answer to include the affirmative defense of statute of limitations, and, upon such amendment, to dismiss the complaint on statute of limitations grounds, unanimously affirmed, with costs.
Defendant waited more than two years to move to amend its answer to include the statute of limitations defense, arguing that plaintiff's construction negligence claim, with a three-year statute of limitations (CPLR 214[4]), was untimely.
Moreover, defendant made its motion almost immediately after the expiration of the six-year limitations period (by defendant's calculation) in which plaintiff could have brought the same action as a breach of contract, even though all of the facts relied upon by defendant were known to it at the time it filed its original answer. Plaintiff, relying on defendant's waiver of any statute of limitations defense (CPLR 3211[e]), was prejudiced by the loss of the opportunity to interpose a timely breach of contract claim, which it could have done "had the original pleading contained what the [proposed] amended one wants to add" Armstrong v Peat, Marwick, Mitchell & Co. , 150 AD2d 189, 190 [1st Dept 1989]).
The motion court properly concluded that these circumstances warranted denial of defendant's motion (see CPLR 3025[b]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 8, 2018
CLERK