Dolcimascolo v 701 7th Prop. Owner, LLC (2022 NY Slip Op 02944)

Dolcimascolo v 701 7th Prop. Owner, LLC

2022 NY Slip Op 02944

Decided on May 03, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 03, 2022

Before: Manzanet-Daniels, J.P., Gesmer, Moulton, Mendez, Higgitt, JJ. 

Index No. 156779/18E Appeal No. 15865 Case No. 2021-03341 

[*1]Michael Dolcimascolo, Plaintiff-Appellant,
v
701 7th Property Owner, LLC, et al., Defendants-Respondents.

Hasapidis Law Offices, Scarsdale (Annette G. Hasapidis of counsel), for appellant.
Lewis Brisbois Bisgaard & Smith LLP, New York (Nicholas P. Hurzeler of counsel), for respondents.

Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered on or about August 3, 2021, which granted defendants' motion to amend their answer and for summary judgment dismissing the complaint, unanimously modified, on the law, to deny so much of the motion as was for summary judgment, and otherwise affirm, without costs.
The court providently exercised its discretion in granting leave to amend the answer (see CPLR 3025[b]; Kimso Apts., LLC v Gandhi, 24 NY3d 403, 411 [2014]). Contrary to plaintiff's contention, CPLR 3211(e) does not bar amendment to the answer to assert a defense of release (see generally GMAC Mtge., LLC v Coombs, 191 AD3d 37, 42 [2d Dept 2020]; Armstrong v Peat, Marwick, Mitchell & Co., 150 AD2d 189, 190 [1st Dept 1989]).
Defendants satisfied their initial burden in this motion for summary judgment by establishing the existence of two releases, each with clear and unambiguous language, which released defendants from the claims which are the subject of this action (see Centro Empresarial Cempresa S.A. v AmÉrica MÓvil, S.A.B. de C.V., 17 NY3d 269, 276 [2011]).
However, plaintiff adequately raised triable issues of fact as to duress, fraud, and mutual mistake sufficient to defeat the motion. "A release, even though properly executed, may nonetheless be void. Where fraud or duress in the procurement of a release is alleged, a motion to dismiss should be denied" (Bloss v Va'ad Harabonim of Riverdale, 203 AD2d 36, 37 [1st Dept 1994] [internal citation omitted]). Specifically, plaintiff alleged that Selina Maddock, a lawyer, was sent by their employer Navillus to secure plaintiff's signature on the release, before he retained counsel, and made both the promise that he would have a job if he signed the releases, and the implicit threat that he would not have a job in the future if he failed to sign. He further alleged that Maddock advised plaintiff that he did not need to consult counsel and misrepresented to plaintiff that he was only releasing claims against his employer, Navillus. Consistent with this, plaintiff testified that he did not understand that he was releasing anyone besides his employer. Furthermore, "a mistaken belief as to the nonexistence of presently existing injury is a prerequisite to avoidance of a release"; here, while defendants argue that plaintiff is merely mistaken as to the sequelae of a known injury, plaintiff raises a factual issue as to whether the additional injuries he claims to suffer from were a sequelae of his right knee injury. Forcing a Hobbesian choice on injured workers to accept a small settlement or else lose their job before they can ascertain the nature and scope of their injury is contrary to the
strong public policy of New York state to protect injured workers, as reflected in the Labor Law.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 3, 2022