Bison Capital Corp. v Hunton & Williams LLP (2025 NY Slip Op 02867)

Bison Capital Corp. v Hunton & Williams LLP

2025 NY Slip Op 02867

Decided on May 13, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 13, 2025

Before: Renwick, P.J., Kern, Gesmer, Rosado, O'Neill Levy, JJ. 

Index No. 153793/15|Appeal No. 4340-4341|Case No. 2023-06292, 2023-06293|

[*1]Bison Capital Corporation, Plaintiff-Respondent-Appellant,
v
Hunton & Williams LLP, Defendant-Appellant-Respondent.

Sherman Atlas Sylvester & Stamelman LLP, New York (Anthony J. Sylvester and Jordan D. Weinreich of counsel), for appellant-respondent.
Press Koral LLP, New York (Matthew J. Press of counsel), for respondent-appellant.

Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered January 21, 2023, which denied the motion of defendant Hunton & Williams LLP for summary judgment dismissing the second amended complaint, and granted the motion of plaintiff Bison Capital Corporation for summary judgment dismissing H&W's counterclaim for account stated on legal fees owed, without prejudice to H&W relying on the amount owed by Bison as a setoff to any recovery awarded to Bison, unanimously affirmed, with costs.
Supreme Court correctly denied H&W's motion for summary judgment dismissing the second amended complaint. Bison raised issues of fact through the deposition testimony of its principal that the parties discussed and agreed that H&W would place liens on the assets of nonparty ATP Oil and Gas Corporation to secure the judgment Bison obtained in its fee dispute action against ATP, in which H&W represented Bison. Specifically, Bison's principal testified that he discussed the lien strategy with three H&W attorneys and instructed them to place liens on ATP's assets. H&W time records and emails do not clearly refute that evidence. Nor did H&W establish that the lien strategy would not have resulted in payments on the judgment that would have been made prior to, or survived, ATP's bankruptcy. While H&W can undermine some of the specific claims asserted by Bison, these challenges speak to the credibility of Bison's principal and are not themselves evidence sufficient to require dismissal on a motion for summary judgment (see e.g. Ostad v Nehmadi, 167 AD3d 490 [1st Dept 2018]).
The court also correctly granted Bison's motion for summary judgment dismissing H&W's counterclaim for account stated. Under the plain language of the parties' amended retainer agreement, Bison deferred its payment obligation of outstanding legal fees to H&W until the time when Bison collected payment from ATP pursuant to either a settlement agreement or final judgment, and H&W was provided with the possibility of obtaining contingency fee payments tied to the size of the recovery from ATP. Thus, H&W's right to recover from Bison the deferred outstanding balance was contingent upon Bison obtaining payment from ATP, an event which did not occur here as a result of ATP's bankruptcy.
Furthermore, the court's dismissal of H&W's counterclaim without prejudice effectively permitted the amendment of H&W's answer to include an affirmative defense of setoff. This was not an abuse of discretion because the court can amend an answer and retract a waiver of an affirmative defense that was unpled, provided the amendment does not cause the plaintiff "prejudice or surprise resulting directly from the delay" (Armstrong v Peat, Marwick, Mitchell & Co., 150 AD2d 189, 190 [1st Dept 1989], quoting Fahey v County of Ontario, 44 NY2d 934, 935, [1978]). Here, the court's mere grant of the amendment does not itself result in prejudice to Bison warranting a reversal, at this juncture, of the court's order [*2]allowing H&W to plead the affirmative defense of setoff. Bison has not been foreclosed from seeking permission to reopen discovery to take evidence on the fees or from moving to dismiss the setoff affirmative defense on substantive grounds.
We have considered the parties' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 13, 2025