■ SEABOARD SURETY COMPANY et al., Appellants, v NIGRO BROS., INC., et al., Respondents. (And a Third-Party Action.) [635 NYS2d 296] —In an action to enforce an indemnity agreement, the plaintiffs appeal from so much of an order of the Supreme Court, Westchester County (Rosato, J.), entered May 5, 1994, as denied their motion for summary judgment and for an inquest to determine their attorney's fees, costs, and expenses.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the plaintiffs' motion for summary judgment is granted, and the matter is remitted to the Supreme Court, Westchester County, for an inquest to determine the attorney's fees, costs, and expenses to which the plaintiff is entitled pursuant to the terms of a contractor's general agreement of indemnity.

The appellants, which are both sureties, issued performance, labor, and material payment bonds on behalf of the defendant Nigro Bros., Inc. (hereinafter Nigro Bros.), in connection with two State highway projects. When Nigro Bros. defaulted on its contractual obligations, the appellants paid more than $450,000 in claims on the bonds. The appellants then commenced this action to enforce the contractor's general agreement of indemnity by which the defendants allegedly agreed to indemnify the appellants for all monies that they paid in claims on the bonds plus the appellants' attorneys fees, costs, and expenses. The appellants moved for summary judgment. The defendants Joan Nigro and the representative of the estate of Peter Nigro opposed the motion by asserting, *inter alia*, the affirmative defenses of forgery and nonexecution of the indemnity agreement. The Supreme Court, finding unspecified issues of fact, denied the appellants' motion. We reverse.

Summary judgment may be defeated with an unpleaded defense as long as the opposing party is not taken by surprise and does not suffer prejudice thereby (*see, Creary v Davie*, 188 AD2d 1033; *McIvor v Di Benedetto*, 121 AD2d 519, 521). The defendants Joan Nigro and the representative of the estate of Peter Nigro failed to timely amend their answers to assert the affirmative defenses of forgery and nonexecution of the indemnity agreement, resulting in unfair surprise and prejudice to the plaintiffs. Had the plaintiffs been apprised of those affirmative defenses, they might have presented proof, such as handwriting exemplars, demonstrating that the signature in question was not forged (*see, Great Am. Ins. Co. v Giardino*, 71

AD2d 836). Thus, they should not have been considered by the trial court in denying the plaintiffs' motion for summary judgment.

In any event, no triable issues of fact were raised regarding the affirmative defenses of forgery and nonexecution of the indemnity agreement. The " ' " 'shadowy semblance of an issue or bald conclusory assertions, even if believable, are not enough to defeat a motion for summary judgment' " ' " (*Mlcoch v Smith*, 173 AD2d 443, 444; *113-14 Owners Corp. v Gertz*, 123 AD2d 850, 851).

The remaining contentions of the defendants Joan Nigro and the representative of the estate of Peter Nigro are without merit. Balletta, J. P., Ritter, Copertino and Pizzuto, JJ., concur.