■ ROSEANN STALLONE, Appellant, v NORTHWEST AIRLINES, INC., Respondent, et al., Defendants. [668 NYS2d 832] —Order unanimously reversed on the law with costs and motion granted. Memorandum: Supreme Court erred in denying plaintiff's motion for a stay of arbitration. Defendant Northwest Airlines, Inc. (Northwest), discharged plaintiff from her employment as a customer service representative. A grievance was filed pursuant to the collective bargaining agreement, and an arbitration panel determined that plaintiff was discharged without just cause. Plaintiff thereafter commenced this action for damages for defamation and intentional infliction of emotional distress. The complaint alleges that, after plaintiff was terminated from employment, defendants informed third parties orally and in writing that plaintiff had been discharged

for intentional dishonest acts involving the falsification of time cards and theft from Northwest. Northwest filed a demand for arbitration, seeking arbitration of the issues raised in the complaint.

The court erred in concluding that the collective bargaining agreement provides for arbitration of the issues raised in this action and in relying upon *Flanagan v Prudential-Bache Sec.* (67 NY2d 500, *cert denied* 479 US 931). The agreement in *Flanagan* required the arbitration of any controversy arising out of employment or the termination of employment pursuant to rule 347 of the constitution and rules of the New York Stock Exchange, and the Court of Appeals concluded that rule 347 encompassed a defamation suit arising out of the termination of employment. The collective bargaining agreement in the subject case does not provide for arbitration pursuant to the Federal Arbitration Act or the constitution and rules of the New York Stock Exchange. The collective bargaining agreement provides for the arbitration of disputes arising out of the interpretation and application of the agreement and disputes concerning Northwest's disciplinary actions. Although a union may negotiate collectively and contract away a member's right to sue upon contractual claims arising out of the collective bargaining agreement, the union cannot relegate to arbitration the member's right to sue on statutory and common-law causes of action that exist independent of the agreement. We thus conclude that the dispute concerning Northwest's discharge action has been arbitrated and that the agreement does not authorize the arbitration of conduct involving defamation or the intentional infliction of emotional distress (*see, Harris v Hirsh,* 86 NY2d 207, 212-213). (Appeal from Order of Supreme Court, Erie County, Kane, J.—Arbitration.) Present—Denman, P. J., Green, Callahan, Balio and Fallon, JJ.