■ JOHN D. WHEELER et al., Appellants-Respondents, v PRINCESS ASSOCIATES, INC., et al., Respondents-Appellants, and A. FANELLI GARDEN CENTER, INC., Appellant-Respondent. [686 NYS2d 802] —In an action to recover damages for personal injuries, etc., (1) the plaintiffs and the defendant A. Fanelli Garden Center, Inc., separately appeal from an order of the Supreme Court, Richmond County (Sangiorgio, J.), entered May 21, 1997, which granted the motion of the defendants Princess Associates, Inc., and Victor Freudman for summary judgment dismissing the complaint insofar as asserted against them, (2) the plaintiffs appeal, as limited by their brief, from so much of an order of the same court, entered April 8, 1998, as denied their motion denominated as a motion to renew and

reargue, but which was, in effect, a motion to reargue, and (3) the defendants Princess Associates, Inc., and Victor Freudman cross-appeal from the order entered April 8, 1998.

Ordered that the appeal by the defendant A. Fanelli Garden Center, Inc., from the order entered May 21, 1997, is dismissed, as it was not aggrieved by the order appealed from (*see,* CPLR 5511); and it is further,

Ordered that the order entered May 21, 1997, is affirmed insofar as appealed from by the plaintiffs; and it is further,

Ordered that the plaintiffs' appeal from the order entered April 8, 1998, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the cross appeal by the defendants Princess Associates, Inc., and Victor Freudman from the order entered April 8, 1998, is dismissed, for failure to perfect the same in accordance with the rules of this Court (*see,* 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the defendants Princess Associates, Inc., and Victor Freudman are awarded one bill of costs payable by the plaintiffs.

The plaintiffs John D. Wheeler and Anne M. Wheeler commenced this action against their landlord, the defendant Princess Associates, Inc. (hereinafter Associates), Associates' secretary, the defendant Victor Freudman, and the defendant A. Fanelli Garden Center, Inc. (hereinafter Fanelli), after Mr. Wheeler sustained injuries while mowing a sod lawn that had been recently installed by Fanelli at the plaintiffs' rental home pursuant to an agreement with Associates. They allege that Mr. Wheeler was injured when the front of the mower struck a depression in the lawn.

The Supreme Court properly granted summary judgment in favor of Associates and Freudman dismissing the complaint insofar as asserted against them. Associates and Freudman established that they did not create the allegedly defective condition, that they did not have actual notice of the condition, and that they did not retain sufficient control over the leased premises to be held to have had constructive notice of the alleged defect. In opposition to the motion, the plaintiffs failed to come forward with sufficient evidence to raise a triable issue of fact (*see, Brown v Marathon Realty,* 170 AD2d 426; *Hecht v Vanderbilt Assocs.,* 141 AD2d 696). Further, there is no basis upon which Freudman could be held personally liable for Mr. Wheeler's injuries. Finally, Associates is not liable for the acts of Fanelli, an independent contractor (*see, Gross v City of New York,* 207 AD2d 525).

The plaintiffs' motion for renewal and reargument was, in effect, a motion for reargument, the denial of which is not appealable (*see, McGill v Polytechnic Univ.,* 235 AD2d 402). Bracken, J. P., Thompson, Altman and Krausman, JJ., concur.