■ GEORGE B. ALLEN, Appellant, v JAMES F. MATTHEWS et al., Defendants, and CITY OF BINGHAMTON, Respondent. (And a Third-Party Action.) [699 NYS2d 166] —Mikoll, J. P. Appeals (1)

from an order of the Supreme Court (Monserrate, J.), entered December 10, 1998 in Broome County, which, *inter alia*, granted a motion by defendant City of Binghamton for summary judgment dismissing the complaint against it, and (2) from the judgment entered thereon.

Plaintiff commenced this action seeking damages for injuries sustained when he fell into a sidewalk vault in the City of Binghamton, Broome County. On the morning of October 5, 1995, as plaintiff walked along the sidewalk in front of premises at 143-145 Court Street, he noticed a large piece of plywood (approximately four feet by eight feet) on the ground in front of him. Concerned that the plywood created a dangerous condition, plaintiff picked it up, intending to place it against the wall of the nearby building. Unbeknownst to plaintiff, however, the plywood had been covering an approximately eight feet deep sidewalk vault, into which he fell when stepping forward.

Plaintiff served defendant City of Binghamton (hereinafter defendant) with a notice of claim in December 1995 and commenced this action in October 1996. After issue was joined and discovery complete, defendant moved for summary judgment on two grounds: (1) that plaintiff failed to bring his action within one year of the date of the accident, as required by subpart XV of the Binghamton City Charter, and (2) that plaintiff failed to establish that defendant had prior written notice of the dangerous condition. Plaintiff cross-moved for summary judgment on the question of liability. Supreme Court ruled that plaintiff's action was time barred by virtue of the City Charter requiring that an action for damages resulting from a defective sidewalk be commenced within one year of the date of the accident. The court also found plaintiff's failure to establish prior written notice of the dangerous condition, or the availability of any exception thereto, fatal to his claim. Plaintiff appeals.

Supreme Court's determination that plaintiff's claim was time barred contravenes the express language of General Municipal Law § 50-i (1), providing that claims for personal injuries allegedly sustained by reason of a city's negligence "shall be commenced within one year and ninety days after the happening of the event upon which the claim is based". General Municipal Law § 50-i (2) provides that "[t]his section shall be applicable notwithstanding any inconsistent provisions of law, general, special or local, or any limitation contained in the provisions of any city charter." Since plaintiff's accident occurred on October 5, 1995, this action, commenced on or about October 18, 1996, was timely.

Nonetheless, defendant asserts that plaintiff is precluded from appealing Supreme Court's erroneous determination because he failed to respond to that portion of defendant's summary judgment motion seeking dismissal on that ground. We disagree. We note that defendant neither raised the Statute of Limitations defense in its amended answer nor moved to dismiss the complaint on that ground pursuant to CPLR 3211 (a). Instead, the claim first appeared as one of two grounds upon which defendant sought summary judgment pursuant to CPLR 3212. In his responding papers, plaintiff focused solely on the prior written notice issue and did not respond to defendant's claim that his action was time barred.

CPLR 3211 (e) provides that certain defenses enumerated therein (including the Statute of Limitations) are waived if not raised either in a responsive pleading or by way of a CPLR 3211 (a) motion to dismiss. We have held, however, that "the waiver that would otherwise have resulted from this failure was retracted by assertion of the defense in connection with the summary judgment motions (*see*, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3212:10, at 318)" (*Adsit v Quantum Chem. Corp.*, 199 AD2d 899, 900; *see*, *Seaboard Sur. Co. v Nigro Bros.*, 222 AD2d 574). Thus, an unpleaded defense may not only be invoked to defeat a motion for summary judgment, but in the absence of surprise or prejudice to, or objection by, the opposing party, it may also serve as the basis for an affirmative grant of such relief (*see*, *Seaboard Sur. Co. v Nigro Bros.*, *supra*, at 574; *Rogoff v San Juan Racing Assn.*, 77 AD2d 831, 832, *affd* 54 NY2d 883).

To conclude, as we do, that Supreme Court properly entertained defendant's Statute of Limitations claim in the context of its CPLR 3212 motion does not end the inquiry. While plaintiff's failure to address defendant's claim in Supreme Court would preclude him from now objecting to the court's consideration of it, he was nevertheless entitled to presume that the issue would be determined in accordance with the controlling law. Without addressing the merits of Supreme Court's determination, defendant invokes the well-settled rule that appellate review will not extend to a claim or argument not raised in the court below (*see, e.g.*, *Crawford v Windmere Corp.*, 262 AD2d 268, 269; *Roel Partnership v Amwest Sur. Ins. Co.*, 258 AD2d 780, 781; *B.T.R. E. Greenbush v General Acc. Co.*, 206 AD2d 791, *lv denied* 84 NY2d 808). We decline to apply this rule to plaintiff's failure to respond to an argument so patently lacking in merit. While the better practice would certainly have been for plaintiff to address, however perfunctorily, both

grounds upon which defendant's motion was based, he did not forfeit the right to proper application of the law regarding the Statute of Limitations.

Turning to the second basis on which Supreme Court granted defendant's motion, in the face of plaintiff's concession that no prior written notice of the dangerous condition was given to defendant, the question becomes whether plaintiff may avail himself of either of the two recognized exceptions to this requirement, "namely, where the locality created the defect or hazard through an affirmative act of negligence * * * and where a 'special use' confers a special benefit upon the locality" (*Amabile v City of Buffalo*, 93 NY2d 471, 474). Based upon our review of the record, we believe that plaintiff has tendered evidence sufficient to raise a triable issue of fact as to whether the municipality created the dangerous condition (*see*, *Akley v Clemons*, 237 AD2d 780, 782).

Plaintiff tendered affidavits from several individuals, including Stephen McDermott, the former owner of the four-story apartment building located at 143-145 Court Street. McDermott averred that in early 1995, he was summoned to his property by defendant's fire department personnel who had responded to a water problem. Upon arrival, McDermott found that the water lines had broken and there was a great deal of water in the basement. He observed that a metal grate which had previously covered the sidewalk vault had been broken out so that the fire department could run hoses into the basement and pump out the water. Upon returning to the property several days later, McDermott observed that a four-foot by eight-foot piece of plywood covered the sidewalk opening, and that barricades bearing the stamp "DPW" (presumably, Department of Public Works) surrounded the plywood. The existence of the plywood surrounded by "DPW" barricades was corroborated by Diane Clink, who averred that she was familiar with the premises at 143-145 Court Street in 1995. These submissions were sufficient to create a question of fact as to the circumstances under which the grate was removed and the plywood placed over the opening.

As to plaintiff's cross appeal, however, his motion for summary judgment on the issue of liability was properly denied. While sufficient to raise a triable issue, plaintiff's evidence falls short of entitling him to summary judgment on the question of liability. There remains for the trier of fact to determine whether, in fact, defendant caused the dangerous condition and, if so, whether its actions were the proximate cause of plaintiff's injury.

Cardona, P. J., Crew III, Yesawich Jr. and Mugglin, JJ., concur. Ordered that the order and judgment are modified, on the law, with costs, by reversing so much thereof as granted defendant City of Binghamton's motion; said motion denied; and, as so modified, affirmed.