■ JOHN J. SCHURMACHER et al., Respondents, v GORAN DJORDJEVSKI et al., Appellant, et al., Defendants. [788 NYS2d 175]—

In an action to recover damages for personal injuries, etc., the defendant Goran Djordjevski appeals from so much of an order of the Supreme Court, Westchester County (Donovan, J.), entered April 27, 2004, as denied that branch of his motion which was for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against the appellant is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendant is severed.

The defendant property owner, Goran Djordjevski, who resides in the State of Michigan, sustained his initial burden of demonstrating his entitlement to judgment as a matter of law by presenting evidence that he had no contractual duty to maintain and repair the leased premises, had no actual notice of the allegedly dangerous condition, and did not retain sufficient

control over the premises to be held to have had constructive notice of the condition (*see White v Jeffco W. Props.*, 304 AD2d 824 [2003]; *Beaumont-Strumer v Buffalino*, 295 AD2d 381 [2002]; *Wheeler v Princess Assoc.*, 259 AD2d 611 [1999]). In opposition to the motion, the plaintiffs failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted his motion for summary judgment dismissing the complaint insofar as asserted against him. Florio, J.P., Krausman, Goldstein and Mastro, JJ., concur.