■ KEVIN SHEILS, Respondent, v COUNTY OF FULTON et al., Appellants. [787 NYS2d 727]—

Mercure, J.P. Appeal from an order of the Supreme Court (Sise, J.), entered January 7, 2004 in Fulton County, which, inter alia, partially denied defendants' motion for summary judgment dismissing the complaint.

Plaintiff commenced this action pursuant to 42 USC § 1983, alleging, among other things, inadequate medical attention between September 1998 and October 1999, the period during which he was confined in the Fulton County Correctional Facility. Specifically, he asserts that although he advised an intake nurse and defendant John Glenn, the on-site physician at the facility, that he suffered from an epileptic seizure disorder, defendants failed to provide him with requested medications and protective headgear, causing him to suffer injury during numerous seizures. Following joinder of issue, defendants moved for summary judgment dismissing the complaint, arguing, as relevant here, that plaintiff failed to exhaust administrative remedies as required by the Prison Litigation Reform Act of 1995 (see 42 USC § 1997e [a] [hereinafter PLRA]). Supreme Court concluded that because defendants failed to plead exhaustion of administrative remedies as an affirmative defense in their answer, they could not rely on the defense in their motion for summary judgment. The court determined that questions of fact existed regarding plaintiff's first cause of action and denied defendants' motion with respect to that cause of action, as well as denying plaintiff's cross motion for summary judgment. Defendants appeal and we now modify by dismissing the complaint in its entirety.

Under the PLRA, a prisoner must exhaust all available administrative remedies prior to filing a claim under 42 USC § 1983, regardless of whether the prisoner seeks relief that may not be obtained in the administrative proceeding, including money damages, or whether the administrative action is challenged on a constitutional basis (see Porter v Nussle, 534 US 516, 524, 532 [2002]; Richardson v Goord, 347 F3d 431, 434 [2d Cir 2003]; Ancrum v St. Barnabas Hosp., 301 AD2d 474, 474 [2003]). A failure to comply with the PLRA's exhaustion of administrative remedies requirement is an affirmative defense

and, as such, may be waived if a defendant fails to raise the defense via a responsive pleading or a motion to dismiss (*see Johnson v Testman*, 380 F3d 691, 695 [2d Cir 2004]; *Foulk v Charrier*, 262 F3d 687, 697 [8th Cir 2001]). Such a waiver, however, may be retracted by assertion of an unpleaded affirmative defense in connection with a summary judgment motion (*see Allen v Matthews*, 266 AD2d 782, 784 [1999]; *Adsit v Quantum Chem. Corp.*, 199 AD2d 899, 900 [1993]). That is, even an unpleaded defense may be invoked to defeat a summary judgment motion or serve as the basis for an affirmative grant of such relief in the absence of surprise and prejudice, provided that the opposing party has a full opportunity to respond (*see Rogoff v San Juan Racing Assn.*, 54 NY2d 883, 885 [1981]; *Brodeur v Hayes*, 305 AD2d 754, 755 [2003]; *Allen v Matthews, supra* at 784; *see also Ancrum v St. Barnabas Hosp., supra* at 475; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3212:11). Inasmuch as plaintiff's compliance with the facility's grievance procedures was explored during his examination before trial and the issue was fully opposed in his response to defendants' motion for summary judgment, defendants' failure to plead the defense prior to making their motion bars neither its consideration nor a grant of affirmative relief (*see Rogoff v San Juan Racing Assn.*, 77 AD2d 831, 832 [1980], *affd* 54 NY2d 883, 885 [1981]).

Turning to the merits, we agree with defendants that plaintiff failed to raise a question of fact regarding his failure to exhaust administrative remedies. Plaintiff does not dispute that he failed to comply with the facility's available grievance procedures prior to commencing this action, but claims instead that a letter he submitted to a court officer in March 1999 outlined his complaints and the letter should be deemed a reasonable attempt to exhaust the administrative remedies requirement because any noncompliance with the facility's rules is explained by special circumstances, i.e., the facility's failure to issue him an updated rule book (*see generally Giano v Goord*, 380 F3d 670, 677-679 [2d Cir 2004]). Plaintiff does not dispute, however, that a copy of the rules and regulations containing the grievance procedure was available to him at the prison facility or claim that the rules can be said to lack clarity (*cf. Johnson v Testman, supra* at 696-697; *Giano v Goord, supra* at 678-679). Moreover, even assuming that plaintiff's letter requesting an investigation of the matter could be deemed sufficient to notify defendants that he sought to file a grievance, plaintiff did not seek to appeal or follow up on the status of his letter after he did not receive a response from the grievance coordinator. Under these circumstances, we conclude that plaintiff has failed to

exhaust his administrative remedies and, accordingly, his complaint must be dismissed. Plaintiff's remaining arguments are either rendered academic or, upon consideration, found to be meritless.

Peters, Spain and Rose, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as partially denied defendants' motion for summary judgment; motion granted to that extent and complaint dismissed in its entirety; and, as so modified, affirmed.