■ ANTHONY PALADINO, Appellant, v TIME WARNER CABLE OF NEW YORK CITY et al., Defendants, and TRINITY COMMUNICATIONS, Respondent. [793 NYS2d 63]—

In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Jacobson, J.), dated November 19, 2003, as granted that branch of the motion of the defendant Trinity Communications which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff was injured on April 10, 2000, when he tripped and fell on a sidewalk in the vicinity of a cable vault box that had been installed by the defendant Trinity Communications (hereinafter Trinity) in 1988. The Supreme Court, inter alia, granted that branch of Trinity's motion which was for summary judgment dismissing the complaint insofar as asserted against it. We affirm, but on different grounds.

The plaintiff is correct in asserting that the Supreme Court should not have considered, sua sponte, the expiration of the applicable statute of limitations. The statute of limitations is an affirmative defense which must be pleaded and proved by the party invoking it (*see Ryerson & Son v Piffath,* 132 AD2d 527 [1987]). A court may not take "judicial notice," sua sponte, of the applicability of a statute of limitations if that defense has not been raised (*see Mendez v Steen Trucking,* 254 AD2d 715, 717 [1998]). In any event, the action was timely commenced within three years of the date the plaintiff was injured (*see* CPLR 214 [5]), which is when the claim accrued (*see Jackson v L.P. Transp.,* 72 NY2d 975, 976 [1988]; *Smalley v Hutcheon,* 296 NY 68, 72 [1946]; *Marino v Proch,* 258 AD2d 628 [1999]).

The Supreme Court nevertheless properly granted Trinity's motion for summary judgment. Trinity established, prima facie, its entitlement to judgment as a matter of law by demonstrating the absence of a triable issue of fact as to whether it created the condition complained of or had a contractual duty to maintain and repair the allegedly defective vault (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]; *Vera v Fishman,* 14 AD3d 550 [ 2005]; *Schurmacher v Djordjevski,* 14 AD3d 503 [ 2005]). Since the plaintiff failed to raise a triable issue of fact in opposi-

tion, summary judgment was properly granted to Trinity (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). While the plaintiff submitted the affidavit of a professional engineer who opined that Trinity created the condition, the expert's affidavit provided no data to indicate the basis for his conclusion. The affidavit was therefore speculative, conclusory, and lacking in probative value (*see Youthkins v Cascio*, 298 AD2d 386, 387 [2002], *affd* 99 NY2d 638 [2003]). There is no evidence that Trinity had any ownership interest in the vault box, the sidewalk, or the adjacent property. Any statutory duty that Trinity may have had to maintain the area pursuant to Rules of City of New York, Department of Transportation (34 RCNY) § 2-11 (e) (16) (ii) terminated three years following the installation (*see Humphreys v Veneziano*, 268 AD2d 461, 462 [2000]), which was nine years before the plaintiff allegedly was injured.

Accordingly, the Supreme Court properly granted Trinity's motion for summary judgment dismissing the complaint insofar as asserted against it. Cozier, J.P., S. Miller, Spolzino and Skelos, JJ., concur.