OPINION OF THE COURT
Memorandum.
Ordered that, upon the court’s own motion, the notice of appeal from the order dated March 26, 2008 is deemed an application for leave to appeal, and leave to appeal is granted (see UDCA 1702 [c]); and it is further, ordered that the order dated March 26, 2008 is reversed without costs and the matter is remitted to the District Court for a determination of plaintiffs motion for summary judgment; and it is further, ordered that the appeal from the order dated November 19, 2008 is dismissed.
The appeal from the November 19, 2008 order is dismissed as no appeal lies from an order denying leave to reargue (Roman v Konis, 254 AD2d 269 [1998]).
Plaintiff brought this action seeking payment for dental services rendered to defendant and her minor children. Defendant appeared and answered, asserting only a general denial and no affirmative defenses. About six months later, plaintiff moved for summary judgment. In opposition, defendant asserted, for the first time, that service was improper. In light of defendant’s claims of improper service, the District Court held plaintiffs motion in abeyance and ordered that a traverse hearing be held. Plaintiff moved for leave to reargue, and the District Court denied the motion. Plaintiff appeals from both orders, arguing that defendant had waived any issue regarding service and therefore should not have been allowed to raise improper service as a defense to plaintiffs motion.
As noted by the District Court, an unpleaded defense may be used to defeat summary judgment when the opposing party is not taken by surprise and does not suffer prejudice thereby (see e.g. Seaboard Sur. Co. v Nigro Bros., 222 AD2d 574 [1995]; Creary v Davie, 188 AD2d 1033 [1992]; Rizzi v Sussman, 9 AD2d 961 [1959]). Nonetheless, assuming, arguendo, that this rule may apply to defenses waivable pursuant to CPLR 3211 (e) (see *27 e.g. Allen v Matthews, 266 AD2d 782 [1999]), defendant should not have been allowed to raise an objection based upon improper service in these circumstances.
Defendant timely appeared and answered in this case without making any objection based upon lack of personal jurisdiction or improper service. “By appearing in the action and electing to answer the complaint without an objection to jurisdiction, defendant [ ] conferred jurisdiction upon the court” (McGowan v Hoffmeister, 15 AD3d 297, 297 [2005]). Indeed, because defendant had already answered without objection, and thus conferred jurisdiction on the court, it would have been error for the District Court to grant her leave to amend her answer under CPLR 3025 (b) to raise the defense of lack of personal jurisdiction (id.). Therefore, any objection based on a lack of personal jurisdiction should not have been considered by the District Court as a defense to plaintiffs motion for summary judgment, and a traverse hearing should not have been ordered.
Accordingly, the order dated March 26, 2008, which held plaintiffs motion for summary judgment in abeyance pending a traverse hearing, is reversed and the matter is remitted for a determination of plaintiffs motion.
Nicolai, RJ., Molla and Iannacci, JJ., concur.