JOHN SULLIVAN et al., Respondents, v AMERICAN AIRLINES, INC., et al., Appellants, et al., Defendants. [914 NYS2d 276]—

In an action to recover damages for defamation, the defendants American Airlines, Inc., Stan Roberts, and Edwin P. Argonza II appeal from so much of an order of the Supreme Court, Suffolk County (Rebolini, J.), dated December 7, 2009, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provision thereof denying those branches of the motion of the defendants American Airlines, Inc., Stan Roberts, and Edwin P. Argonza II which were for summary judgment dismissing the complaint insofar as asserted against Stan Roberts and Edwin P. Argonza II, and substituting therefor a provision granting those branches of the motion; as modified, the order is affirmed insofar as appealed from, without costs or disbursements.

In 2002 the plaintiffs were employed by the defendant American Airlines, Inc. (hereinafter American), and were represented by Local 501 of the Transport Workers Union. The defendants

Stan Roberts and Edwin P. Argonza II were employed by American as managers. The plaintiffs John Sullivan, David Virella, and Vincent Argentine were running for election for union positions against the defendants Michael Chiofalo, Albert Gil, and Peter Perez The plaintiff John Kennedy supported the Virella slate. The campaign was contentious, and the plaintiffs were accused of distributing racially insensitive cartoons, which they denied. The plaintiffs contended that the opposition had distributed a flyer accusing the plaintiffs of being guilty of discrimination. This flyer eventually appeared on a bulletin board inside a locked glass case which was under American's control.

American had recently adopted a zero tolerance policy for discriminatory language or behavior, and it terminated the plaintiffs' employment pursuant to that policy. The letter of termination, called a "final advisory," stated that the plaintiffs' employment was being terminated because they had been seen posting racially insensitive cartoons. The plaintiffs filed grievances, and they were reinstated. They were asked to sign an agreement to relinquish all claims in connection with the incident. The plaintiffs refused, but were nevertheless allowed to return to work.

The plaintiffs brought this action, alleging that the flyer accusing them of discrimination, and the final advisory, were defamatory. American, Roberts, and Argonza (hereinafter collectively the defendants) moved for summary judgment dismissing the complaint insofar as asserted against them, and the Supreme Court denied the motion.

The defendants failed to establish, prima facie, that American did not publish the flyers which announced that the plaintiffs were guilty of discrimination (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]). The defendants offered no evidence in their initial papers in support of their motion for summary judgment as to how the flyers got inside a bulletin board to which only American held the keys. Evidence submitted by the defendants for the first time in their reply papers cannot be considered for the purpose of establishing their prima facie entitlement to summary judgment (*see Morales v Coram Materials Corp.*, 51 AD3d 86, 95 [2008]; *GJF Constr. Corp. v Cosmopolitan Decorating Co., Inc.*, 35 AD3d 535 [2006]; *Adler v Suffolk County Water Auth.*, 306 AD2d 229 [2003]).

The defendants established, prima facie, that the final advisories were qualifiedly privileged because they were letters of termination of employment (*see Burns v Palazola*, 22 AD3d

779, 779 [2005]; *Priovolos v St. Barnabas Hosp.*, 1 AD3d 126, 126 [2003]). However, in opposition to the motion, the plaintiffs submitted evidence raising a triable issue of fact as to whether American acted with malice, because there was evidence indicating that American knew that the allegedly defamatory statements were false (*see Present v Avon Prods.*, 253 AD2d 183, 188 [1999]). The allegedly defamatory statements in the final advisories were in the nature of facts, and not opinion (*see Gross v New York Times Co.*, 82 NY2d 146, 152-153 [1993]).

The defendants did not waive their contention that the plaintiffs relinquished all claims regarding the statements in the final advisories because they accepted reinstatement. Although the defendants failed to plead as an affirmative defense that the plaintiffs relinquished their claims (*see* CPLR 3018 [b]), an unpleaded defense may serve as the basis for granting summary judgment in the absence of surprise or prejudice to the opposing party (*see Lerwick v Kelsey*, 24 AD3d 918, 919 [2005]; *Sheils v County of Fulton*, 14 AD3d 919, 921 [2005]; *Allen v Matthews*, 266 AD2d 782 [1999]; *Rogoff v San Juan Racing Assn.*, 77 AD2d 831, 832 [1980], *affd* 54 NY2d 883 [1981]).

However, the plaintiffs did not relinquish their claims, because neither the collective bargaining agreement nor the statements of grievance explicitly authorized the union to negotiate away the plaintiffs' right to sue on common law and statutory causes of action (*see generally Stallone v Northwest Airlines*, 247 AD2d 832 [1998]).

The defendants demonstrated prima facie that Argonza and Robert were entitled to judgment as a matter of law dismissing the complaint insofar as asserted against those defendants by submitting evidence that those defendants did not publish the allegedly defamatory statements. In opposition, the plaintiffs failed to raise a triable issue of fact (*see Geraci v Probst*, 61 AD3d 717, 718 [2009], *mod on other grounds* 15 NY3d 336 [2010]; *Salvatore v Kumar*, 45 AD3d 560, 563 [2007]; *Dillon v City of New York*, 261 AD2d 34, 38 [1999]). Dillon, J.P., Florio, Balkin and Roman, JJ., concur.