■ Luis De Oleo, Plaintiff, v Charis Christian Ministries, Inc., et al., Defendants. Charis Christian Ministries, Inc., et al., Third Party-Plaintiffs-Appellants, v St. Loren Construction Corp., Third-Party Defendant-Respondent. [942 NYS2d 340]—

Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered March 7, 2011, which denied defendants/third-party plaintiffs' motion for entry of a default judgment on their third-party claims for common-law and contractual indemnification and contribution against third-party defendant, unanimously modified, on the law, to grant the motion as to the claim for common-law indemnification, and otherwise affirmed, without costs.

In this action, plaintiff seeks to recover for injuries sustained while performing construction work at a building owned and managed by appellants (Charis), for his employer, third-party defendant, St. Loren Construction Corp. (St. Loren).

The motion court correctly found that Charis had failed to

submit adequate proof to support a determination of liability on their claim for contractual indemnification, as they failed to provide a copy of any contract providing for indemnification, or an affidavit detailing the contract's provisions (*see National Union Fire Ins. Co. of Pittsburgh, Pa. v Sullivan*, 269 AD2d 149 [2000]).

However, Charis submitted sufficient proof that, if plaintiff was injured while performing work on the roof of the building owned by Charis, it was due to the negligence of St. Loren, with no negligence on the part of Charis. Charis did not need to disprove the defense of Workers' Compensation Law § 11, since, in order for an employer to invoke the protection of that statute, it must plead it as an affirmative defense (*see e.g. Caceras v Zorbas*, 74 NY2d 884 [1989]; *Joyce v McKenna Assoc.*, 2 AD3d 592 [2003]; *Lanpont v Savvas Cab Corp.*, 244 AD2d 208 [1997]). Charis had no burden to disprove a defense which had never been raised and a court may not, sua sponte, take judicial notice of a defense which has not been raised (*see e.g. Horst v Brown*, 72 AD3d 434 [2010], *lv dismissed* 15 NY3d 743 [2010]; *Paladino v Time Warner Cable of N.Y. City*, 16 AD3d 646 [2005]). Concur—Saxe, J.P., Sweeny, Moskowitz, Renwick and Abdus-Salaam, JJ.