352 Legion Funding Assoc. v 348 Riverdale, LLC (2018 NY Slip Op 05662)





352 Legion Funding Assoc. v 348 Riverdale, LLC


2018 NY Slip Op 05662


Decided on August 8, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
LEONARD B. AUSTIN
HECTOR D. LASALLE, JJ.


2017-04008
2017-05080
 (Index No. 16937/14)

[*1]352 Legion Funding Associates, appellant, 
v
348 Riverdale, LLC, et al., defendants.


Lynch & Associates, New York, NY (Elliot L. Evans and H. Michael Lynch of counsel), for appellant.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from two orders of the Supreme Court, Kings County (Michelle Weston, J.), dated March 16, 2016, and January 5, 2017, respectively. The order dated March 16, 2016, denied the plaintiff's motion, inter alia, for leave to enter a default judgment and for an order of reference to compute the sum due on a note, and sua sponte directed the dismissal of the complaint. The order dated January 5, 2017, insofar as appealed from, denied that branch of the plaintiff's motion which was for leave to renew its prior motion.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order dated March 16, 2016, as sua sponte directed the dismissal of the complaint is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order dated March 16, 2016, is reversed, on the law, without costs or disbursements, and the plaintiff's motion, inter alia, for leave to enter a default judgment and for an order of reference to compute the sum due on a note is granted; and it is further,
ORDERED that the appeal from the order dated January 5, 2017, is dismissed as academic, without costs or disbursements, in light of our determination on the appeal from the order dated March 16, 2016.
In April 2007, the defendant 348 Riverdale, LLC (hereinafter the defendant), borrowed the sum of $250,000 from the plaintiff. As security for the loan, the defendant executed and delivered to the plaintiff a note and mortgage on property located in Brooklyn. The terms of the loan provided that it matured on May 1, 2008. However, by a letter dated April 2, 2008, the maturity date was purportedly extended to May 1, 2010. The defendant continued making payments on the loan until April 2009, and thereafter defaulted.
The plaintiff commenced this action to foreclose the mortgage by filing a summons and complaint on December 5, 2014. The defendant failed to appear, answer, or make any motion asserting any defense to the complaint. Thereafter, the plaintiff moved, inter alia, for leave to enter a default judgment and for an order of reference to compute the sum due on the note. The defendant did not oppose the motion. By order dated March 16, 2016, the Supreme Court denied the plaintiff's motion, and sua sponte directed the dismissal of the complaint on the ground that the plaintiff commenced the action after the statute of limitations had expired. The court reasoned that the letter which extended the maturity date of the loan was unenforceable because it was not signed by the [*2]defendant, and that the statute of limitations began to run on May 1, 2008, the original maturity date of the mortgage. The plaintiff moved, inter alia, to renew its prior motion. By order dated January 5, 2017, the court denied the motion. The plaintiff appeals from both orders.
We agree with the plaintiff that the Supreme Court erred in sua sponte raising the affirmative defense of the statute of limitations and directing the dismissal of the complaint on that ground. The statute of limitations is an affirmative defense which is waived by a party unless it is raised either in a responsive pleading, or by motion prior to the submission of a responsive pleading (see CPLR 3211[e]; Deutsche Bank Trust Co. Ams. v Cox, 110 AD3d 760, 762; Aurora Loan Servs. LLC v Dimura, 104 AD3d 796, 797; Horst v Brown, 72 AD3d 434, 436). "A court may not take judicial notice,' sua sponte, of the applicability of a statute of limitations if that defense has not been raised" (Paladino v Time Warner Cable of N.Y. City, 16 AD3d 646, 647; see De Oleo v Charis Christian Ministries, Inc., 94 AD3d 541, 542; Horst v Brown, 72 AD3d at 436). Here, the defendant neither answered the complaint nor submitted a pre-answer motion which raised the statute of limitations defense.
The plaintiff met its burden on its motion, inter alia, for leave to enter a default judgment and for an order of reference by submitting proof of service of the summons and complaint, proof of the facts constituting the claim, and proof of the defendant's failure to answer or appear (see CPLR 3215[f]; RPAPL 1321; Wells Fargo Bank, N.A. v Mayen, 155 AD3d 811, 813; Wells Fargo Bank, NA v Ambrosov, 120 AD3d 1225, 1226). Accordingly, the Supreme Court should have granted the motion.
In light of our determination, the appeal from so much of the order dated January 5, 2017, as denied that branch of the plaintiff's motion which was for leave to renew its prior motion has been rendered academic (see Christopher v Queens-Long Is. Med. Group, P.C., 17 AD3d 393, 395).
MASTRO, J.P., RIVERA, AUSTIN and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court