Arthur Brundage Inc. v Morris (2019 NY Slip Op 05609)





Arthur Brundage Inc. v Morris


2019 NY Slip Op 05609


Decided on July 11, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 11, 2019

527293

[*1]ARTHUR BRUNDAGE INC., Doing Business as EASTERN TRAVEL, Doing Business as ONEONTA BUS LINES, Respondent,
v
CAMILLA MORRIS, Appellant, et al., Respondents. (And a Third-Party Action.)

Calendar Date: May 29, 2019

Before: Garry, P.J., Mulvey, Aarons, Rumsey and Pritzker, JJ.


Deborah Wolf Miller, Ithaca, for appellant.
Hinman, Howard & Kattell, LLP, Binghamton (Jeanette N. Warren of counsel), for Arthur Brundage Inc., respondent.



MEMORANDUM AND ORDER
Rumsey, J.
Appeal from that part of an order of the Supreme Court (Burns, J.), entered March 23, 2018 in Otsego County, which granted plaintiff's motion to dismiss defendant Camilla Morris' counterclaim for defamation.
Plaintiff operates a small bus company where defendant Camilla Morris (hereinafter defendant) and defendant Robert Morris, her son (hereinafter Morris), were long-term employees before they resigned their respective positions in March 2017. In June 2017, plaintiff commenced this action asserting several causes of action against defendant, Morris and defendant Hale Transportation — a competitor of plaintiff where defendant and Morris were subsequently employed. Defendant and Morris answered, asserted 12 counterclaims and commenced a third-party action against Jeremy Hilts, the sole shareholder and president of plaintiff. Plaintiff then moved to dismiss all of the counterclaims and the third-party complaint. The papers that defendant submitted in opposition to the motion specifically addressed only three of the 12 counterclaims. As relevant herein, defendant made no specific mention of the sixth counterclaim for defamation nor opposed its dismissal. Supreme Court granted plaintiff's motion to the extent of dismissing the third-party complaint and all but one of the counterclaims. Defendant only appeals from that part of the order that dismissed the sixth counterclaim for defamation.
Initially, plaintiff contends that the issues that defendant now seeks to raise on appeal are unpreserved because defendant did not oppose that part of the motion that sought dismissal of [*2]the defamation counterclaim. Ordinarily, appellate review does not extend to a claim or argument that was not raised in the trial court (see Muncil v Widmir Inn Rest. Corp., 155 AD3d 1402, 1403 [2017]; Allen v Matthews, 266 AD2d 782, 784 [1999]). This well-settled rule ensures that the opposing party has an opportunity to respond with admissible evidence and pertinent legal argument and precludes appellate consideration of issues "if proof might have been offered to refute them had they been presented in the [trial] court" (Sam v Town of Rotterdam, 248 AD2d 850, 852 [1998] [internal quotation marks and citation omitted]), lv denied 92 NY2d 804 [1998]. We conclude that this rationale was satisfied in this case. In support of its motion, plaintiff argued, among other things, that the defamation counterclaim must be dismissed because it failed to set forth the particular words alleged to be defamatory as required by CPLR 3016 (a)[FN1]. Although Supreme Court initially noted that defendant's failure to specifically oppose the motion seeking dismissal of the defamation counterclaim may have been a sufficient basis to warrant dismissal, it proceeded to consider that issue on the merits. Thus, notwithstanding defendant's lack of opposition, the issue was raised in and determined by Supreme Court. We further note that additional facts are not necessary to consider plaintiff's argument that the pleading was facially insufficient. Accordingly, although it would have been the better practice for defendant to have addressed the merits of plaintiff's motion to dismiss the defamation counterclaim, we conclude that defendant "was nevertheless entitled to presume that the issue would be determined in accordance with the controlling law" and, therefore, we will consider defendant's argument on the merits (Allen v Matthews, 266 AD2d at 784; see also Koziatek v SJB Development Inc., 172 AD3d 1486, 1486-1487 [2019] [the merits of a motion to dismiss were considered on appeal notwithstanding the fact that the plaintiff submitted no opposition to the motion in the trial court]).
Turning to the merits, the sixth counterclaim alleges that several different statements were defamatory. However, on appeal, defendant argues that Supreme Court erred only to the extent that it dismissed that portion of the defamation counterclaim that was based on statements that were made in a letter dated June 22, 2017 that plaintiff's general manager sent to a customer. It is undisputed that the pleading directly quoted the particular words from the letter that were alleged to be defamatory, to wit, that a $100 deposit made by the customer "does not appear anywhere in our computer system. Part of the reason is that there is a new management team in place, is because money was being mishandled by the previous management, so I had to fully investigate what happened to your $100 deposit. To date, we still have not completely determined what happened to it." Thus, Supreme Court erred in determining that defendant failed to satisfy the pleading requirements of CPLR 3016 (a) with respect to the statements made in the letter (see Wilcox v Newark Val. Cent. School Dist., 74 AD3d 1558, 1560 [2010]; cf. Jackie's Enters., Inc. v Belleville, 165 AD3d 1567, 1570 [2018]).[FN2]
Garry, P.J., Mulvey, Aarons and Pritzker, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as granted plaintiff's motion to dismiss the sixth counterclaim in its entirety; motion granted to the extent of dismissing the sixth counterclaim except that part of said claim arising from the letter dated June 22, 2017; and, as so modified, affirmed.



Footnotes

Footnote 1: We disregard the erroneous citation by plaintiff and Supreme Court to CPLR 3016 (b) for the standards applicable to pleading a defamation claim.

Footnote 2: We have limited our review to the only basis upon which plaintiff argued warranted dismissal of the defamation counterclaim to the extent that it was based on the statements made in the letter — i.e., defendant's purported failure to comply with the pleading standards of CPLR 3016 (a) — and we express no opinion as to whether defendant has otherwise stated a viable cause of action for defamation.