Board of Managers of Manhasset Medical Arts Condominium AND 42-78/86 REALTY LLC, Plaintiffs,

against
Integrated Medical Professionals, PLLC, PRECISION-AIRE INC., CHUBB CUSTOM INSURANCE COMPANY, Defendants.


612243-18

BARNES CATTERSON LOFRUMENTO BARNES, LLP
Attorneys for Plaintiffs
445 Broadhollow Road, Suite 226
Melville, New York 11747
COHEN COMPAGNI BECKMAN APPLER & KNOLL, PLLC
Attorneys for Defendant Integrated Medical Professionals, PLLC
507 Plum Street, Suite 310
Syracuse, New York 13204


Elizabeth H. Emerson, J.

Upon the following papers read on this motion for partial summary judgment and [*2]cross-motion to amend ; Notice of Motion and supporting papers 19-28 ; Notice of Cross Motion and supporting papers
 32-49; 64 ; Answering Affidavits and supporting papers53-61 ; Replying Affidavits and supporting papers 66 ; it is,
ORDERED that the motion by the plaintiff 42-78/86 Realty LLC for partial summary judgment on the first and third causes of action against the defendant Integrated Medical Professionals, PLLC, is denied; and it is further
ORDERED that the cross motion by the defendant Integrated Medical Professionals, PLLC, for leave to amend its answer is granted; and it is further
ORDERED that the amended answer is deemed served and filed as of the return date of the motion and cross motion; and it is further
ORDERED that the plaintiff 42-78/86 Realty LLC is directed to serve and file a reply to the counterclaims of the defendant Integrated Medical Professionals, PLLC within 20 days after service of a copy of this order with notice of entry. 
The Manhasset Medical Arts Condominium is a 15-unit professional medical condominium located in Manhasset, New York. The plaintiff 42-78/86 Realty LLC ("Realty") is the owner of eight of the 15 units. In 2014, the defendant Integrated Medical Professionals, PLLC ("IMP") leased all eight units from Realty's predecessor-in-interest, WBF Associates, LLC ("WBF"), for a term of ten years. WBF sold the units and assigned its interest in the lease to Realty in 2015. Pursuant to the terms of the lease, IMP was required to pay Realty a monthly base rent in the amount of $19,133.65 plus additional rent "equal to any and all other sums, costs, expenses, charges or other payments which [IMP] assumes, agrees or is obligated to pay pursuant to any provision of this Lease." The lease required IMP to pay, inter alia, real estate taxes and its pro rata share of the condominiums' common charges. On June 26, 2018, the plaintiffs commenced this action alleging, inter alia, that IMP had defaulted under the terms of the lease by failing to pay any base rent or additional rent from March 2018 onward. Realty moves for summary judgment against IMP on the first cause of action for breach of contract and on the third cause of action for attorney's fees under the lease. IMP opposes the motion and cross moves for leave to amend its answer to assert two counterclaims against Realty. IMP contends that it was constructively evicted from approximately 25% of the leased premises due to Realty's failure or refusal to make necessary repairs thereto. IMP contends that repairs were needed due to water leakage from the roof and that there are triable issues of fact as to the cause and severity of the leaks.
Realty contends that IMP's partial-constructive-eviction defense should be rejected because it is not pleaded as an affirmative defense in IMF's answer. An unpleaded defense may be invoked to defeat a summary-judgment motion, or to serve as the basis for an affirmative grant of such relief, in the absence of surprise or prejudice, provided that the opposing party has a full opportunity to respond thereto (Sheils v County of Fulton, 14 AD3d 919, 921 [and cases cited therein]; see also, Sullivan v Am. Airlines, Inc., 80 AD3d 600, 602). Realty does not contend that it was surprised or prejudiced by IMF's partial-constructive-eviction defense. In fact, Realty fully addressed it in the reply papers. Accordingly, IMF's failure to plead the defense [*3]prior to opposing Realty's motion for summary judgment does not bar its consideration by the court (Sheils v County of Fulton, supra).
It is well settled that a commercial tenant may be relieved of its obligation to pay the full amount of rent due when it has been actually or constructively evicted from either the whole or a part of the leasehold (Johnson v Cabrera, 246 AD2d 578, 579). An actual eviction occurs when the landlord ousts the tenant from physical possession of the leased premises (New York City Economic Dev. Corp v Harborside Mini Storage, Inc., 12 Misc 3d 1160[A] at *4). There must be a physical expulsion or exclusion (Id.). When there has been no physical expulsion or exclusion of the tenant, but the landlord's wrongful acts substantially and materially deprive the tenant of the beneficial use and enjoyment of the premises, there may be a constructive eviction (Id. at *5). The tenant must abandon possession in order to claim that there was a constructive eviction (Id.). For a constructive eviction to be partial, rather than total, the tenant must abandon only the portion of the premises affected (Id.).
The court finds that there is a triable issue of fact as to whether Realty's failure to make necessary repairs substantially and materially deprived IMP of the beneficial use and enjoyment of 25% of the demised premises and relieved IMP of its obligation to pay the entire amount of the rent and additional rent due under the lease. Realty contends that it is not responsible for repairs to the roof. However, the plaintiffs allege in their complaint that "high winds at the Condominium rooftop caused the panel of the HVAC . . . unit to detatch, leaving the unit exposed to the elements" and that "rainwater, ice and snow infiltrated the subject HVAC unit through the exposed panel." Although Realty is not liable for "damage to property resulting from . . . water, rain, or snow which may flow or leak from any party of the Premises . . . [,]" it is responsible under the lease for repairs to the heating, ventilation, and air-conditioning systems that service the demised premises. Moreover, Realty is responsible for "all structural repairs to the Premises," as well as "all repairs improvements and replacements to the Premises that are of a capital nature as may be required to maintain the Premises in quality and class as it currently exists." IMF contends that, as a result of the unrepaired leaks and water damage, the condominium units themselves needed repairs of a capital nature, which Realty failed to make, rendering 25% of the leased space unusable. Realty contends that the condominium units have suffered "casualty damage," which is IMF's responsibility to "repair, restore, replace and rebuild" at its "sole cost and expense" under the lease. In view of these conflicting lease provisions, it cannot be determined as a matter of law who was required to make the necessary repairs. 
Contrary to Realty's contentions, withholding the entire amount of the rent is the proper remedy when there has been a partial eviction by a landlord (Eastside Exhibition Corp. v 210 E. 86th St. Corp., 18 NY3d 617, 622). Eviction suspends the obligation of payment because it involves a failure of the consideration for which rent is paid (Id.). If such an eviction, though partial only, is the act of the landlord, it suspends the entire rent because the landlord is not permitted to apportion his own wrong (Id.). The reason for the rule is that the tenant has been deprived of the enjoyment of the demised premises by the wrongful act of the landlord (Id.). Thus, the consideration for the agreement to pay rent has failed (Id.). This is true even when, as here, the tenant remains in possession of the premises (Id.). 
Moreover, the language of a "hell or high water" clause, which requires the tenant unconditionally to pay all rent and make other payments due under the lease without any [*4]reduction, set off, abatement, or diminution, is not a bar to the assertion of a constructive-eviction defense (ReliaStar Life Ins. Co. of New York v Home Depot U.S.A., Inc., 570 F3d 513, 519 [2nd Cir]). Under New York law, a party who has been constructively evicted is relieved of its obligation to pay rent because the constructive eviction terminates the lease (Id.). Thus, if IMP was constructively evicted, the lease was terminated and IMP was relieved of its obligation to pay the base rent and additional rent under the "hell or high water" clauses of the lease (Id.). Accordingly, Realty's motion for summary judgment is denied.
Turning to the cross motion, IMP seeks to amend its answer to add counterclaims against Realty for a declaratory judgment and for breach of contract. The first counterclaim seeks a declaration, inter alia, that Realty must pay all costs and expenses in connection with any repairs to the condominium units. The second counterclaim seeks specific performance of Realty's purported obligation under the lease to execute an application for a commercial building permit. Realty opposes the cross motion on the ground that the proposed counterclaims are palpably insufficient or patently devoid of merit. 
In view of the conflicting lease provisions, it cannot be determined as a matter of law that Realty is not required under the terms of the lease to pay for repairs to the condominium units. Moreover, while Realty's is correct that the failure to pay rent constitutes an election of remedies so that IMP has no claim for damages (see, Schwartz v Hotel Carlyle Owners Corp., 132 AD3d 541, 543), IMP is not seeking to recover damages. Rather, it is seeking a declaratory judgment and specific performance. Finally, contrary to Realty's contentions, the failure to pay rent does not constitute a breach of the lease if IMF was constructively evicted. Accordingly, the cross motion is granted. 
Dated:October 8, 2019
 
J.S.C.